E-FILED
Wednesday, 19 March, 2008  02:32:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| Estate of AMON PAUL CARLOCK, JR., deceased By Mary L. Andreatta-Carlock, Executor,  )<br>)<br>)<br>Plaintiff  )<br>)<br>vs.  )   No_____<br>)<br>SANGAMON COUNTY; SANGAMON COUNTY )<br>SHERIFF'S DEPARTMENT; SANGAMON COUNTY )<br>JAIL; NEIL WILLIAMSON, SHERIFF OF )<br>SANGAMON COUNTY; TERRY DURR, )<br>SUPERINTENDENT OF SANGAMON )<br>COUNTY JAIL; RON BECKNER, ADMINISTRATOR )<br>OF SANGAMON COUNTY JAIL; OFFICERS TODD )<br>GUY; KEVIN FURLONG; CAIN; SGT. HUDGENS; )<br>AND OTHER UNIDENTIFIED SANGAMON COUNTY )<br>CORRECTIONAL OFFICERS; LEE ANNE BRAUER, )<br>RN; L. RAMSEY, LPN; N. WEST, LPN; AND OTHER )<br>UNIDENTIFIED MEDICAL PERSONNEL )<br>)<br>Defendants.  ) | |

**COMMPLAINT**

NOW COMES Plaintiff, Estate of Amon Paul Carlock, Jr., deceased, ("Decedent") by Mary L. Andreatta-Carlock, as Executor of the Estate, against the Defendants, Sangamon County, Sangamon County Sheriff's Department, Sangamon County Jail (collectively "the County"); Neil Williamson, Sheriff of Sangamon County; Terry Durr, Superintendent of Sangamon County Jail; Ron Beckner, Administrator for Sangamon County Jail; Officers Todd Guy; Kevin Furlong; Cain; Sgt. Hudgens; and other unidentified Sangamon County Correctional officers; Lee Anne Brauer, RN; L. Ramsey, LPN; N. West, LPN; and other unidentified medical personnel ("the Individual Defendants") and complains as follows:

## NATURE OF THE CASE

1. This suit arises from the violation of the civil rights of Amon Paul Carlock, Jr., deceased, in violation of Title 42 USC § 1983.

## JURISDICTION

2. This action is brought pursuant to 42 USC § 1983. Jurisdiction is based upon 28 USC § 1331, 1332 and 1367. Plaintiff demands trial by jury.

## VENUE

3. The violation of civil rights alleged herein was committed within the Central District of Illinois, to-wit: in the City of Springfield, County of Sangamon, State of Illinois. This action properly lies in the United States District Court for the Central District of Illinois, Springfield Division.

## PARTIES

4. Decedent was a resident of the City of Springfield, County of Sangamon, State of Illinois, as of the date of his death on November 16, 2007.

5. Defendants, Sangamon County, Sangamon County Sheriff's Department, Sangamon County Jail; Neil Williamson, Sheriff of Sangamon County; Terry Durr, Superintendent of Sangamon County Jail; Ron Beckner, Administrator for Sangamon County Jail; Officers Todd Guy; Kevin Furlong; Cain; Sgt. Hudgens; and other unidentified Sangamon County Correctional officers; Lee Anne Brauer, RN; L. Ramsey, LPN; N. West, LPN; and other unidentified medical personnel were at all times relevant hereto employed by the County of Sangamon within the Sangamon County Sheriff's Department, and were acting under color of state law.

6.      The individual Defendants named herein were at all times relevant to this Complaint and were employees and agents of Defendants Sangamon County and/or Sangamon County Sheriff Department and Sangamon County Jail.

## COUNT I

### CRUEL AND UNUSUAL TREATMENT AND EXCESSIVE USE OF FORCE

7.      On or about October 9, 2007, after an 11-day hospital stay, Amon Paul Carlock, Jr. was transferred directly from St. John's Hospital in Springfield, Illinois by the U.S. Marshals to the Sangamon County Jail for pretrial detainment.

8.      Mr. Carlock remained in the care and custody of the Defendants until his death on November 16, 2007.

9.      Based upon information and belief, during Mr. Carlock's pretrial detainment at the Sangamon County Jail, some of the Individual Defendants, acting under the color of state law, intentionally and/or recklessly mistreated him in a degrading and humiliating manner on various occasions, including but not limited to November 16, 2007, the day of his death.

10.     Based upon information and belief, among the mistreatment Amon Paul Carlock, Jr. received from Defendants at various times included the following:

   A.   being hosed down in his cell when he was found to be incontinent of bowel and/or bladder;

   B.   being paraded nude down a hallway to the shower in front of other inmates, including female inmates;

   C.   being laughed at, ridiculed and joked about because of his unresponsiveness and/or incontinence;

3

    D.      being deprived of his right to have the Bible which was delivered to the Jail for his use;

    E.      being tasered when he failed to follow verbal commands under circumstances where he was no threat to the safety of others; and

    F.      being treated with deliberate and/or reckless indifference to his declining medical condition.

The above described acts constitute cruel and unusual punishment.

    11.      On or about November 16, 2007, Plaintiff's decedent, Amon Paul Carlock, Jr., was still being held as a pretrial detainee in the Sangamon County Jail at Springfield, Illinois.

    12.      Under the circumstances that existed on November 16, 2007, at the Sangamon County Jail, Defendants used, and allowed to be used, greater force than was necessary in handling the Decedent, to wit: one or more of the individual Defendants deployed a taser gun and applied significant pressure on Decedent's upper torso while he was laying face down inside the Sangamon County Jail facility.

    13.      As a direct and proximate result of the Defendant's actions, including the actions of other unidentified Sangamon County correctional officers, Amon Paul Carlock, Jr.'s heart and respiration ceased, and he died shortly thereafter.

    14.      All Individual Defendants acted under color of state law, and some of them on November 16, 2007, recklessly and intentionally used excessive force and/or unreasonable force in attempting to prepare the Decedent for transfer to a local hospital for medical evaluation and treatment due to an underlying serious medical condition, in violation of his rights under the Fourth Amendment to the U. S. Constitution to be free from unreasonable seizures in violation of 42 USC § 1983.

15. The above-described actions of Defendants while the Decedent was in their custody were done with malice and/or with reckless indifference to the Decedent's federally protected rights.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendants, Sangamon County, Sangamon County Sheriff's Department, Sangamon County Jail; Neil Williamson, Sheriff of Sangamon County; Terry Durr, Superintendent of Sangamon County Jail; Ron Beckner, Administrator for Sangamon County Jail; Officers Todd Guy; Kevin Furlong; Cain; Sgt. Hudgens; and other unidentified Sangamon County Correctional officers; Lee Anne Brauer, RN; L. Ramsey, LPN; N. West, LPN; and other unidentified medical personnel for the following relief:

A. Compensatory damages in an amount to be determined at trial in favor of Plaintiff and jointly and severally against all named Defendants;

B. Punitive damages in an amount to be determined at trial jointly and severally against all named Defendants;

C. Reasonable attorneys' fees and costs; and for

D. Such other and further relief as this Court deems reasonable.

## COUNT II

## MONELL CLAIM

16. Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 15 of Count I as if fully set forth in Paragraphs 1 through 16 herein.

17. Defendants, "County", and the "Individual Defendants" have a pattern and practice of deploying taser guns without sufficiently training their officers regarding their use.

18. Defendants, "County", and the "Individual Defendants" have a pattern and practice of encouraging the deployment of taser guns when such use of force is not necessary or justified.

19. Defendants, "County", and the "Individual Defendants" have a pattern and practice of deploying taser guns knowing that the use of such weapons can cause permanent and serious bodily harm, especially when coupled with force which restricts respiration.

20. Defendants, "County", and the "Individual Defendants", have a pattern and practice of not disciplining its correctional officers who abuse taser guns and use them inappropriately.

21. The policies and procedures of the County caused Plaintiff to be deprived of his life without due process of law.

22. The inappropriate use of a taser, coupled with force which restricted his respiration, caused or contributed to the cause of Amon Paul Carlock, Jr.'s death on November 16, 2007.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendants,

Sangamon County, Sangamon County Sheriff's Department, Sangamon County Jail; Neil Williamson, Sheriff of Sangamon County; Terry Durr, Superintendent of Sangamon County Jail; Ron Beckner, Administrator for Sangamon County Jail; Officers Todd Guy; Kevin Furlong; Cain; Sgt. Hudgens; and other unidentified Sangamon County Correctional officers; Lee Anne Brauer, RN; L. Ramsey, LPN; N. West, LPN; and other unidentified medical personnel for a judgment providing the following relief:

> A. A declaration that the acts and practices complained of herein are in Violation of 42 USC § 1983;
>
> B. An injunction to permanently restrain these violations of 42 USC § 1983;
>
> C. Compensatory damages in an amount to be determined at trial in favor of Plaintiff and jointly and severally against all named Defendants;
>
> D. Punitive damages in an amount to be determined at trial jointly and severally against all named Defendants;
>
> E. Reasonable attorneys' fees, costs; and prejudgment interest as provided by 42 USC § 2000 e-5(K) and (J); and for
>
> F. Such other and further relief as this Court deems reasonable.

## COUNT III

## FAILURE TO PROVIDE APPROPRIATE MEDICAL TREATMENT

23. Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 22 of Count II as if fully set forth in Paragraphs 1 through 23 herein.

24. During the time Decedent was held as a pretrial detainee in the Sangamon County Jail, Defendants, the "County" and all "Individual Defendants" received actual and constructive

notice that he was medically unstable and in need of regular and continuous medical assessment, monitoring and treatment, to wit:

    A. On October 9, 2007, the Defendants received actual notice from the U.S. Marshal's Office regarding the Decedents' health conditions and medications;

    B. Based upon information and belief additional actual notice was also provided to the Defendants on October 17, 2007, when U.S. Judge Magistrate, Byron Cudmore, requested Decedent's prescription medication to be monitored;

    C. Decedent suffered from chronic health conditions the nature of which were obvious to the Defendants including diabetes and severe depression;

    D. Decedent was taking several prescribed medications which was known to all Defendants well before his death on November 16, 2007;

    E. Defendants knew that the prescribed medications required regular and continuous monitoring, including but not limited to behavioral monitoring and blood tests.

25. Defendants had a duty under the Fourth Amendment to the U. S. Constitution to provide medical care to Decedent.

26. Despite the duty, Defendants were deliberately indifferent to Decedent's serious medical needs.

27. Decedent was in need of immediate medical care prior to November 16, 2007; and on November 15, 2007, Defendants scheduled the Decedent to be transported via ambulance to the hospital on the morning of November 16, 2007 for medical evaluation and possible medication adjustments prior to the acts complained of herein.

28. Despite Defendants' knowledge of Decedent's critical medical care needs, Defendants mistreated Decedent by delaying his medical treatment for conditions which

rendered him at times unresponsive, and also by tasering him while he was incapacitated and lying face-down inside the Jail and by restricting Decedent's respiration.

29. And, even though the Defendants were trained and had emergency medical equipment available, they failed to provide CPR and other emergency medical services on November 16, 2007, after they had noted Decedent's medical and respiratory distress, his purple feet, and his lack of pedal pulses.

30. The above-described acts and omissions by Defendants constitute willful and/or reckless conduct.

31. As a proximate result of one or more of Defendants' reckless acts and omissions described herein, Amon Paul Carlock, Jr. suffered pain and then died on November 16, 2007.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock Jr., deceased, prays for judgment in favor of the estate and against Defendants, Sangamon County, Sangamon County Sheriff's Department, Sangamon County Jail; Neil Williamson, Sheriff of Sangamon County; Terry Durr, Superintendent of Sangamon County Jail; Ron Beckner, Administrator for Sangamon County Jail; Officers Todd Guy; Kevin Furlong; Cain; Sgt. Hudgens; and other unidentified Sangamon County Correctional officers, Lee Anne Brauer, RN; L. Ramsey, LPN; N. West, LPN; and other unidentified medical personnel for the following relief:

- A. Compensatory damages in an amount to be determined at trial in favor of Plaintiff and jointly and severally against all named Defendants.

- B. Punitive damages in an amount to be determined at trial jointly and severally against all named Defendants.

- C. Reasonable attorneys' fees and costs; and for

D.  Such other and further relief as this Court deems reasonable.

        Estate of AMON PAUL CARLOCK, JR., deceased By Mary L. Andreatta-Carlock, Executor, Plaintiff

By  s/Jon D. Robinson
_____

Jon D. Robinson ARDC No. 2356678
BOLEN ROBINSON & ELLIS, LLP
202 South Franklin, 2nd Floor
Decatur, Illinois 62523
Telephone: 217-429-4296
Fax: 217-329-0034
E-mail: jrobinson@brelaw.com

By  s/Sharon D. Elvidge Kelley
_____

Sharon D. Elvidge Kelley ARDC No. 06193792
ELVIDGE KELLEY & SCHMIDT
217 East Monroe Street, Suite 102
Springfield, Illinois 62701
Telephone: 217-535-1000
Fax: 217-535-1055
E-mail: shalaw@ameritech.net

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❐ 1  U.S. Government Plaintiff
- ❐ 2  U.S. Government Defendant
- ❐ 3  Federal Question (U.S. Government Not a Party)
- ❐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated or Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated and Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 610 Agriculture | ❐ 422 Appeal 28 USC 158 | ❐ 400 State Reapportionment |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 362 Personal Injury - Med. Malpractice | ❐ 620 Other Food & Drug | ❐ 423 Withdrawal 28 USC 157 | ❐ 410 Antitrust |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability | ❐ 365 Personal Injury - Product Liability | ❐ 625 Drug Related Seizure of Property 21 USC 881 | | ❐ 430 Banks and Banking |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander | ❐ 368 Asbestos Personal Injury Product Liability | ❐ 630 Liquor Laws | **PROPERTY RIGHTS** | ❐ 450 Commerce |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability | | ❐ 640 R.R. & Truck | ❐ 820 Copyrights | ❐ 460 Deportation |
| ❐ 151 Medicare Act | ❐ 340 Marine | **PERSONAL PROPERTY** | ❐ 650 Airline Regs. | ❐ 830 Patent | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❐ 345 Marine Product Liability | ❐ 370 Other Fraud | ❐ 660 Occupational Safety/Health | ❐ 840 Trademark | ❐ 480 Consumer Credit |
| | | ❐ 371 Truth in Lending | ❐ 690 Other | | ❐ 490 Cable/Sat TV |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❐ 810 Selective Service |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle Product Liability | ❐ 385 Property Damage Product Liability | ❐ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 190 Other Contract | ❐ 360 Other Personal Injury | | ❐ 720 Labor/Mgmt. Relations | ❐ 862 Black Lung (923) | ❐ 875 Customer Challenge 12 USC 3410 |
| ❐ 195 Contract Product Liability | | | ❐ 730 Labor/Mgmt.Reporting & Disclosure Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 890 Other Statutory Actions |
| ❐ 196 Franchise | | | | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❐ 740 Railway Labor Act | ❐ 865 RSI (405(g)) | ❐ 892 Economic Stabilization Act |
| ❐ 210 Land Condemnation | ❐ 441 Voting | ❐ 510 Motions to Vacate Sentence | ❐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❐ 893 Environmental Matters |
| ❐ 220 Foreclosure | ❐ 442 Employment | | ❐ 791 Empl. Ret. Inc. Security Act | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 894 Energy Allocation Act |
| ❐ 230 Rent Lease & Ejectment | ❐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 895 Freedom of Information Act |
| ❐ 240 Torts to Land | ❐ 444 Welfare | ❐ 530 General | | | |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment | ❐ 535 Death Penalty | **IMMIGRATION** | | ❐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other | ❐ 540 Mandamus & Other | ❐ 462 Naturalization Application | | |
| | | ❐ 550 Civil Rights | ❐ 463 Habeas Corpus - Alien Detainee | | ❐ 950 Constitutionality of State Statutes |
| | ❐ 440 Other Civil Rights | ❐ 555 Prison Condition | ❐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❐ 1  Original Proceeding
- ❐ 2  Removed from State Court
- ❐ 3  Remanded from Appellate Court
- ❐ 4  Reinstated or Reopened
- ❐ 5  Transferred from another district (specify)
- ❐ 6  Multidistrict Litigation
- ❐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ❐ Yes  ❐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.           Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.