UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., deceased By Mary L. Andretta-Carlock, Executor,<br><br>Plaintiff,<br><br>v.<br><br>SANGAMON COUNTY; SANGAMON COUNTY SHERIFF'S DEPARTMENT; SANGAMON COUNTY JAIL; NEIL WILLIAMSON, SHERIFF OF SANGAMON COUNTY; TERRY DURR, SUPERINTENDENT OF SANGAMON COUNTY JAIL, RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICERS TODD GUY; KEVIN FURLONG; CAIN; SGT. HUDGENS; AND OTHER UNIDENTIFIED SANGAMON COUNTY CORRECTIONAL OFFICERS; LEE ANNE BRAUER, RN; L. RAMSEY, LPN; N. WEST, LPN; AND OTHER UNIDENTIFIED MEDICAL PERSONNEL,<br><br>Defendants. | Case No.: 08-3075<br><br>Judge Jeanne E. Scott<br><br>Magistrate Judge Charles H. Evans |

### DEFENDANTS' MOTION TO DISMISS

Defendants, SANGAMON COUNTY, SANGAMON COUNTY SHERIFF'S DEPARTMENT, NEIL WILLIAMSON, Sheriff of Sangamon County, TERRY DURR, Superintendent Of Sangamon County Jail, RON BECKNER, Correctional Officers TODD GUY, KEVIN FURLONG, CANDICE CAIN; SGT. RON HUDGINS; LEE ANNE BRAUER, RN; LADORISE RAMSEY, LPN, and NICEY WEST, LPN, by and through their attorneys, HINSHAW & CULBERTSON LLP, for their Motion To Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

1. The estate of the deceased Amon Paul Carlock, Jr., by Mary L. Andretta-Carlock, Executor, filed this three count civil rights complaint (Doc. #1) pursuant to 42 U.S.C. §1983 on

March 19, 2008. Named as defendants are Sangamon County, Sangamon County Sheriff's Department ("Department"), Sangamon County Jail (collectively referred to by Plaintiff as "the County"), Sheriff Neil Williamson, Superintendent Terry Durr, Ron Beckner (Sangamon County Jail Administrator), and Correctional Officers Todd Guy, Kevin Furlong, Cain, Sgt. Hudgins, Lee Anne Brauer, R.N., Ladorise Ramsey, L.P.N., Nicey West, L.P.N., and other unidentified Sangamon County Correctional Officers and medical personnel.

2. Count I is brought pursuant to Section 1983 and alleges cruel and unusual punishment and excessive use of force. Count II is a *Monell* claim brought against the County defendants and the individual defendants for an unconstitutional custom and policy with respect to the use of taser guns. Count III is a deliberate indifference to serious medical needs claim brought pursuant to Section 1983.

3. It is argued below that each count of the Complaint fails to state a claim upon which relief can be granted.

4. All defendants move to dismiss each count.

5. Counts I, II and III all share the same pleading irregularities and should be dismissed for failure to state a claim in that: (i) the individual defendants are not employed by Sangamon County, and the Sangamon County Jail is not a legal entity; (ii) the individual defendants lack the requisite personal involvement; and (iii) punitive damages are not available against the Sangamon County Sheriff's Department.

6. In addition to the above, the bases for dismissal of Count I are that: (i) Count I is pleaded in a confusing manner and pursuant to Fed. R. Civ. P. 10(b) should be pleaded as separate counts; (ii) the allegations regarding derogatory comments, nudity, bible deprivation and deliberate indifference to serious medical needs: do not rise to the level of a constitutional

2

deprivation, are duplicative and/or are not properly brought as a cruel and unusual punishment claim; and (iii) the Sangamon County Sheriff's Department cannot be held liable on *respondeat superior* principles.

7. The bases for dismissal of Count II are that: (i) suing individual defendants is improper in a *Monell* claim; (ii) no true municipal policy has been identified, and (iii) there are insufficient allegations to support a failure to train claim.

8. The bases for dismissal for Count III are that: (i) the individual defendants lack the requisite personal involvement; (ii) for the individual defendants who are non-medical personnel, they are entitled to defer to the judgement of medical personnel; (iii) the claims against the Sangamon County Sheriff's Department are barred because it does not have *respondeat superior* liability, and no violation of a policy, custom of practice has been alleged.

9. A Memorandum of Law in Support of this Motion is lodged herewith.

WHEREFORE, for the above and foregoing reasons, defendants pray that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

June 2, 2008

/s/Andrew M. Ramage
J. William Roberts
broberts@hinshawlaw.com
D. Bradley Blodgett
bblodgett@hinshawlaw.com
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL 62701
Phone: 217-528-7375
Fax: 217-528-0075
E-mail: aramage@hinshawlaw.com
Ramage Attorney Bar No. 6256554
Attorneys for Defendants Sangamon County, Sangamon County Sheriff's Department, Neil Williamson, Terry Durr, Ron Beckner, Correctional Officers Beckner, Todd Guy, Kevin Furlong, Candice Cain, Sgt. Ron Hudgins, Lee Anne Brauer, RN, Ladorise Ramsey, LPN and Nicey West, LPN

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2008, I caused to be electronically filed DEFENDANTS' MOTION TO DISMISS with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

**Jon D Robinson**            Email: jrobinson@brelaw.com

**Sharon D Elvidge Kelley**   Email: shalaw@ameritech.net

and I hereby certify that on June_____, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

NONE

/s/Andrew M. Ramage
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL 62701
Phone: 217-528-7375
Fax: 217-528-0075
E-mail: aramage@hinshawlaw.com
Attorney Bar No. 6256554
Attorney for Defendants Sangamon County, Sangamon County Sheriff's Department, Neil Williamson, Terry Durr, Ron Beckner, Correctional Officers Beckner, Todd Guy, Kevin Furlong, Candice Cain, Sgt. Ron Hudgins, Lee Anne Brauer, RN, Ladorise Ramsey, LPN and Nicey West, LPN

60174094v1 884755