IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| Estate of AMON PAUL CARLOCK, JR., deceased By Mary L. Andreatta-Carlock, Executor,<br><br>    Plaintiff<br><br>vs.<br><br>SANGAMON COUNTY; SANGAMON COUNTY SHERIFF'S DEPARTMENT; SANGAMON COUNTY JAIL; NEIL WILLIAMSON, SHERIFF OF SANGAMON COUNTY; TERRY DURR, SUPERINTENDENT OF SANGAMON COUNTY JAIL; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICERS TODD GUY; KEVIN FURLONG; CAIN; SGT. HUDGENS; AND OTHER UNIDENTIFIED SANGAMON COUNTY CORRECTIONAL OFFICERS; LEE ANNE BRAUER, RN; L. RAMSEY, LPN; N. WEST, LPN; AND OTHER UNIDENTIFIED MEDICAL PERSONNEL<br><br>    Defendants. | No. 3:08-cv-03075<br><br>Judge Jeanne E. Scott<br><br>Magistrate Judge Charles H. Evans |

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS,
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT,
AND MOTION TO ADD ADDITIONAL DEFENDANTS**

---

Plaintiff, Estate of Amon Paul Carlock, Jr., deceased, by Mary L. Andreatta-Carlock, as Executor of the Estate, by Bolen Robinson & Ellis, LLP and Elvidge Kelley & Schmidt, her attorneys, makes this her response to the Motion to Dismiss filed by Defendants, her Motion for Leave to File a First Amended Complaint, and Motion to Add Additional Defendants, as part of her Response to Defendants' Motion. Plaintiff states as follows:

1.    On June 2, 2008, Defendants filed their Motion to Dismiss the Plaintiff's Complaint previously filed herein, and this pleading is in response to Defendants' said Motion.

2. Without conceding that Defendants' Motion to Dismiss is correct in all its assertions, Plaintiff has elected to file a First Amended Complaint to eliminate those objections and criticisms which Plaintiff has found meritorious after researching the cases cited by Defendants.

3. Since filing the original Complaint, Plaintiff has discovered the identity of additional individuals within the Jail who should be named as additional Defendants.

4. To accomplish this without the need for further briefing, argument and hearing, Plaintiff also makes this her request for leave to file a First Amended Complaint, a copy of which Complaint is attached.

5. Plaintiff's counsel has consulted lead counsel for Defendants, and said counsel has no objection to Plaintiff's Motion for Leave to File a First Amended Complaint.

WHEREFORE, Plaintiff, Estate of Amon Paul Carlock, Jr., deceased, by Mary L. Andreatta-Carlock, as Executor of the Estate Hereby moves to amend her initial complaint by the filing of the attached First Amended Complaint, and Plaintiff hereby waives argument and a decision on the Defendants' Motion to Dismiss as to her initial Complaint.

June 13, 2008

Estate of AMON PAUL CARLOCK, JR., deceased
By Mary L. Andreatta-Carlock, Executor, Plaintiff

By /s/ Jon D. Robinson
    Jon D. Robinson ARDC No. 2356678
    BOLEN ROBINSON & ELLIS, LLP
    202 South Franklin, 2nd Floor
    Decatur, Illinois 62523
    Telephone: 217-429-4296
    Fax: 217-329-0034
    E-mail: jrobinson@brelaw.com

      By  /s/  Sharon D. Elvidge Kelly
        Sharon D. Elvidge Kelley ARDC No. 06193792
        ELVIDGE KELLEY & SCHMIDT
        217 East Monroe Street, Suite 102
        Springfield, Illinois 62701
        Telephone: 217-535-1000
        Fax: 217-535-1055
        E-mail: shalaw@ameritech.net

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2008, I caused to be electronically filed **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, AND MOTION TO ADD ADDITIONAL DEFENDANTS with attached First Amended Complaint (With Added Parties)** with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

 Andrew M. Ramage  aramage@hinshawlaw.com
 J. William Roberts   broberts@hinshawlaw.com
 D. Bradley Blodgett  bblodgett@hinshawlaw.com

and I hereby certify that on June 13, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

 NONE

        /s/ Jon D. Robinson
        Jon D. Robinson ARDC No. 2356678
        BOLEN ROBINSON & ELLIS, LLP
        202 South Franklin, 2nd Floor
        Decatur, Illinois 62523
        Telephone: 217-429-4296
        Fax: 217-329-0034
        E-mail: jrobinson@brelaw.com
        Attorney for Estate of AMON PAUL CARLOCK, JR., deceased By Mary L. Andreatta-Carlock, Executor, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| Estate of AMON PAUL CARLOCK, JR., deceased By Mary L. Andreatta-Carlock, Executor,  Plaintiff  vs.  SANGAMON COUNTY SHERIFF'S DEPARTMENT-SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER KANE; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; LEE ANNE BRAUER, RN; AND OTHER UNIDENTIFIED SANGAMON COUNTY CORRECTIONAL OFFICERS AND MEDICAL PERSONNEL,  Defendants. | No. 3:08-cv-03075  Judge Jeanne E. Scott  Magistrate Judge Charles H. Evans |

**FIRST AMENDED COMPLAINT**
**(WITH ADDED PARTIES)**

NOW COMES Plaintiff, Estate of Amon Paul Carlock, Jr., deceased, ("Decedent") by Mary L. Andreatta-Carlock, as Executor of the Estate, and for her First Amended Complaint against the Defendants, Sangamon County Sheriff's Department – Sangamon County Jail ("Jail"); Neil Williamson, individually and as Sheriff of Sangamon County ("Sheriff"); and the following individuals who are employees and agents of the Jail and Sheriff: Anthony Sacco, Chief Deputy; Ron Beckner, Administrator for Sangamon County Jail; Lee Anne Brauer, RN; Correctional Officers Todd Guy; Officer Furlong; against newly added individual Defendants, Officer Kane; Officer Amber Green; Officer Powell; Officer Kirby; and other unidentified

Sangamon County Correctional Officers and Medical Personnel ("the Individual Defendants") she states as follows:

## NATURE OF THE CASE

1. This suit arises from the violation of the civil rights of decedent, in violation of Title 42 USC § 1983.

## JURISDICTION

2. This action is brought pursuant to 42 USC § 1983. Jurisdiction is based upon 28 USC § 1331, 1332 and 1367. Plaintiff demands trial by jury.

## VENUE

3. The violation of civil rights alleged herein was committed within the Central District of Illinois, to-wit: in the City of Springfield, County of Sangamon, State of Illinois. This action properly lies in the United States District Court for the Central District of Illinois, Springfield Division.

## PARTIES

4. Decedent was a resident of the City of Springfield, County of Sangamon, State of Illinois, as of the date of his death on November 16, 2007.

5. Defendants are Sangamon County Sheriff's Department – Sangamon County Jail; Neil Williamson, individually and as Sheriff of Sangamon County; and the following individuals who are employees and agents in the Jail: Anthony Sacco, Chief Deputy; Ron Beckner, Administrator for Sangamon County Jail; Officer Kane; Officer Todd Guy; Officer Furlong; Officer Amber Green; Officer Powell; Officer Kirby; and Lee Anne Brauer, RN. (The "Individual Defendants" designation herein includes the Sheriff individually.)

6. On information and belief, there are now-unidentified correctional officers and medical personnel, who were at all times relevant hereto employed in the Jail by the Sangamon County Sheriff's Department. These individuals were at all such times acting under color of state law, and their specific acts and/or omissions contributed to the violation of Decedent's civil rights as described herein. Plaintiff expects to identify and add these individuals after discovery in this case.

7. The individual correctional officers and medical personnel Defendants named herein were at all times relevant to this Complaint supervised employees/ agents of the Sheriff of Sangamon County and the Sangamon County Sheriff Department, which entities are responsible for operation of the Sangamon County Jail ("Jail"). Said individual Defendants are named in their official capacities, but sued as individuals herein.

## COUNT I

## CRUEL AND UNUSUAL TREATMENT - EXCESSIVE USE OF FORCE

8. On or about October 9, 2007, after an 11-day hospital stay, the Decedent was transferred directly from St. John's Hospital in Springfield, Illinois by U.S. Marshals to the Jail for pretrial detainment.

9. The Decedent remained in the care and custody of the Sheriff in the Jail until his death on November 16, 2007.

10. On information and belief, during Decedent's pretrial detainment at the Jail, several individual employees/agents of the Jail and Sheriff, while acting under the color of state law, intentionally and/or recklessly mistreated him on various occasions, both before and on November 16, 2007, the day of his death.

11. On information and belief, Decedent was subjected to the following degrading and humiliating conduct by employees/agents of the Jail and the Sheriff prior to November 16, 2007, and the cumulative effect of this conduct deprived him of his federally protected rights:

   A. being hosed down in his cell when he was found to be incontinent of bowel and/or bladder;

   B. being deliberately paraded nude down a hallway to the shower in front of other inmates, including female inmate(s) when there was no justification for this action by Defendants;

   C. being laughed at, ridiculed, taunted, and provoked because of his unresponsiveness and/or incontinence;

   D. being punished on one or more occasions when he was tasered and/or pepper sprayed for failing to follow verbal commands, and for not immediately responding to correctional officers' directions;

   E. being tasered under circumstances where he was no threat to the safety of others, and in one instance when he was incapacitated due to his critical medical condition.

12. At this time, Plaintiff cannot identify all of the individuals who participated in the above-described conduct; however, Plaintiff expects to learn the identity of the individual employees/agents involved during discovery. The cumulative effect of these acts constitutes cruel and unusual punishment.

13. On information and belief, Decedent was on one occasion punished by correctional officers who used a taser on Decedent after he did not immediately respond after being told to drop a blanket he was holding. The taser was deployed by a now-unidentified

4

correction officer. On this occasion, one of the taser barbs struck Decedent and the other barb struck another unidentified officer. Officer Amber Green was present during this incident.

14. The now-unidentified officer who was hit with a taser barb pulled Decedent out of the cell, and in the process, Decedent fell into the officer and then fell to the floor. While Decedent was on the floor, and without provocation from him, he was kicked in the head by Officer Amber Green.

15. Decedent was then placed into a restraint chair in his cell, and fully restrained, when Sergeant Powell walked by and tased Decedent again, for no apparent reason other than punishment.

16. On information and belief, Decedent was also at other times placed in the restraint chair allegedly for being "too loud." On one occasion, Decedent was kept in a restraint chair for approximately eighteen hours, and on this occasion was required to sleep over-night in the chair without any reasonable justification for this restraint. This use of a restraint chair amounts to "punishment." The identity of the individuals involved with these restraints is not now known.

17. On or about November 14th or 15th of 2007, Decedent, who was daily becoming more ill, soiled himself. Now-unidentified officers hosed Decedent down with cold water in his cell, and these officers and Officer Kirby dragged Decedent out of his cell, and while he was naked, paraded him in front of both male and female inmates on the way to the shower.

18. On November 16, 2007, Decedent was still being held as a pretrial detainee in the Sangamon County Jail at Springfield, Illinois.

19. Under the circumstances that existed on the morning of November 16, 2007 at the Jail, the several individual Defendants used, and allowed to be used, greater force than was necessary to handle Decedent, in violation of the Sangamon County Jail Code, Chapter 08-013,

5

to-wit: according to Defendant Beckner's testimony on December 20, 2007 (Inquest No. 2007-C-1376) Sergeant Guy tasered Decedent, and Officer Furlong at or about the same time applied significant pressure on Decedent's upper torso while he was in physical restraints, unresponsive and laying on the floor in the Jail.

20. Said conduct on November 16, 2007, was reckless and/or intentional use of excessive and unreasonable force while preparing decedent for transfer to a local hospital for medical evaluation and treatment due to his serious medical conditions which were known, or should have been known, to all Defendants at that time.

21. Defendant Neil Williamson, Anthony Sacco, Beckner and other now-unidentified supervisory employees of the Jail and Sheriff had knowledge, prior to November 2007 when the events described herein occurred, that some inmates in the Jail were abused and mistreated by employees of the Jail. However, said Defendants intentionally and/or recklessly failed or refused to correct such abuse and mistreatment.

22. The Jail had a custom, pattern or practice of mistreating inmates of the Jail, including pretrial detainees like Decedent, and the Sheriff while knowing of this custom, pattern or practice, failed to control it in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

23. As a direct and proximate result of these actions by the Sheriff and individual Jail employees and the custom, pattern and practice of the Jail and Sheriff, Decedent's heart and respiration ceased, and he was pronounced dead shortly thereafter.

24. This conduct by the employees/agents of the Jail and Sheriff violates Decedent's rights under the Eighth and Fourteenth Amendments to the U. S. Constitution to be free from

cruel and unusual treatment in violation of 42 USC § 1983; and this conduct was done with malice and/or with reckless indifference to Decedent's federally protected rights.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendants, Sangamon County Sheriff's Department – Sangamon County Jail; Neil Williamson, individually and as Sheriff of Sangamon County, and the other identified and now-unidentified employees/agents of the Sheriff, as follows:

- A. Compensatory damages in an amount to be determined at trial against all Defendants, jointly and severally;
- B. Punitive damages, in an amount to be determined at trial against only the Defendants named individually, jointly and severally;
- C. Reasonable attorneys' fees and costs, jointly and severally against all Defendants; and
- D. Such other and further relief as this Court deems reasonable.

## COUNT II

## MONELL CLAIM

25. Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 19 of Count I as if fully set forth in Paragraphs 1 through 19 herein.

26. Defendants Sheriff and Jail have a custom, pattern or practice of deploying taser guns without sufficiently training their officers (employees/agents) regarding their use and in violation of the Sangamon County Jail Code and the Illinois County Jail Standards; to-wit:

    A    Encouraging the deployment of taser guns when such use of force is not necessary or justified;

    B.    Deploying taser guns, when they know or should know that the use of such weapons can cause or contribute to the cause of permanent and serious bodily harm when coupled with force which restricts respiration.

    C.    Encouraging the deployment of taser guns in the "drive-stun" mode to intentionally inflict pain and/or punishment to obtain compliance with the officer's verbal commands.

27.    Defendants Sheriff and Jail have a custom, pattern or practice of not preventing their correctional officers from abusing taser guns and in combination with the use of force which restricts respiration.

28.    Said customs, patterns or practices inflicted pain as punishment and caused Decedent to be deprived of his life without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution and in violation of the Sangamon County Jail Code and the Illinois County Jail Standards.

29.    The above-described inappropriate use of a taser by Sergeant Guy, coupled with pressure applied to his upper torso by Officer Furlong which restricted respiration, caused or contributed to the cause of Decedent's death on November 16, 2007.

30.    Sheriff Williamson recklessly allowed continuation of practices which are unconstitutional, to-wit: permitting employees/agents of the Sheriff Department to physically and emotionally abuse inmates of the Jail after receiving complaints about prior similar abuse of inmates.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendants, Sheriff and Jail, and for the following relief, jointly and severally in their official capacities:

A. A declaration that the acts and practices complained of herein are in Violation of 42 USC § 1983;

B. An injunction to permanently restrain these violations of 42 USC § 1983;

C. Compensatory damages in an amount to be determined at trial;

D. Reasonable attorneys' fees, costs; and prejudgment interest as provided by 42 USC § 2000 e-5(K) and (J); and

F. Such other and further relief as this Court deems reasonable.

## COUNT III

## FAILURE TO PROVIDE APPROPRIATE MEDICAL TREATMENT

31. Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 25 above as if fully set forth in Paragraphs 1 through 25 herein.

32. During the time Decedent was held as a pretrial detainee in the Jail, Defendants, Sheriff and other unidentified individual officers employed by the Sheriff and Jail, including officers Guy, Beckner and RN Lee Anne Brauer, received actual and constructive notice that he was medically unstable and in need of regular and continuous medical assessment, monitoring and treatment, to-wit:

A. On October 9, 2007, said Defendants received actual notice from the U.S. Marshal's Office regarding the Decedents' health conditions and medications;

9

B.  On information and belief, additional notice was also provided to said Defendants on October 17, 2007, when U.S. Judge Magistrate, Byron Cudmore, requested that Decedent's prescription medication be monitored;

C.  Decedent suffered from chronic health conditions, including diabetes and severe depression, the nature of which were obvious to said Defendants and required monitoring, treatment and accurate medical documentation;

D.  Decedent was taking several prescribed medications which was known to said Defendants before his death on November 16, 2007;

E.  Said Defendants knew that Decedent's prescribed medications required regular and continuous monitoring, including but not limited to behavioral monitoring and blood tests, medical treatment(s), and accurate medical record documentation.

33. Said Defendants, Sheriff, Jail, the individuals named herein, and those unidentified at this time, had a duty under the Eighth and Fourteenth Amendments to the U. S. Constitution to provide medical care to Decedent.

34. Despite said duty, said Defendants were deliberately indifferent to Decedent's serious medical needs, and Defendants Guy, Beckner and Brauer failed to obtain, monitor and/or record medical observation, assessments and care for Decedent to prevent him from becoming incapacitated due to his acute diabetic and depressive conditions.

35. Decedent was in need of immediate medical care prior to November 16, 2007; and on November 15, 2007, said Defendants, Brauer and Beckner had actually scheduled Decedent to be transported via ambulance to the hospital on the morning of November 16, 2007 for medical evaluation, possible admission for treatment and possible medication adjustments due to his critical blood levels.

36. On November 16, 2007, based upon information and belief, when Decedent was tasered and physically restrained in the Jail, Defendants Brauer, Beckner, Guy, Furlong, and other unidentified individuals were present.

37. Despite said Defendants' knowledge of Decedent's critical medical care needs, Defendants Jail, Sheriff and officers Beckner, Guy, Furlong, Lee Anne Brauer, RN, and other unidentified individuals mistreated Decedent by delaying his medical treatment for conditions which rendered him at times unresponsive; and they also mistreated him by allowing him to be tasered for failing to follow verbal commands and by restricting his respiration while he was incapacitated, in restraints, and laying on the floor inside the Jail.

38. On information and belief, the employees/agents in the Jail were trained for CPR, and emergency medical equipment was available; however none of the individual Defendants provided CPR or other emergency medical services on November 16, 2007, even though Decedent's distress was obvious, to-wit: his purple feet, his lack of pedal pulses and unresponsiveness.

39. On November 16, 2007, Decedent first received emergency medical care from EMTs of America Ambulance Service at 7:59 a.m. Based upon information and belief Lt.'s Beckner and Kane were present during the time prior and after the arrival of the EMTs, yet they did not provide CPR or instruct others to provide CPR and other emergency medical services for Decedent. Lt. Beckner inquired of Lt. Kane, after the EMTs began treating Decedent, if Decedent was dead or alive. When Lt. Kane indicated he was not alive, Beckner responded that he [Decedent] "got what he deserved".

40. Decedent suffered from the chronic condition of diabetes and was insulin dependent and while detained at the Sangamon County Jail Decedent did not receive the

11

necessary medical care and services required to control this medical condition. Decedent's meals would be delivered to his cell; and if he did not immediately take the meal, a now-unidentified employee and/or agent of Sheriff would quickly remove the meal. Decedent's blood sugar fluctuated dramatically during this time, and Decedent lost a significant amount of weight. Decedent's physical condition deteriorated during his time in the Sangamon County Jail until he was in a critical state at the time of his death because Lee Anne Brauer, RN and other now-unidentified medical personnel did not monitor and assess his medical condition, accurately document his medical condition, and obtain needed medical services.

41.  Defendants Neil Williamson, Anthony Sacco, Beckner, Brauer and other now-unidentified supervisory employees of the Jail and Sheriff had knowledge, prior to November 2007 when the events described herein occurred, that some inmates in the Jail failed to receive adequate medical care, monitoring of their health status, failed to receive medication(s) and/or medical treatment as prescribed which resulted in serious medical complications and/or death, due to the acts or omission(s) of employees/agents of the jail. However, said Defendants intentionally and/or recklessly failed or refused to correct such mistreatment.

42.  The Jail had a custom, pattern or practice of failing to provide adequate and necessary medical services to inmates of the Jail, including pretrial detainees, like Decedent; and the Sheriff while knowing of this custom, pattern or practice failed to correct it which resulted in allowing the conduct by the employees/agents of the Jail and Sheriff to violate Decedent's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution; and their conduct was done with malice and/or reckless indifference to Decedent's federally protected rights, and in violation of the Sangamon County Jail Code and the Illinois County Jail Standards.

43. The above-described acts and omissions by said Defendants, and by those now-unidentified, constitute willful and/or reckless conduct.

44. Because Defendant Neil Williamson, individually and as Sheriff, knew of the prior similar medical mistreatment of other inmates by some of his employees/agents and did not take action to prevent future abuse and deprivation of medical care such as was suffered by Decedent, his own acts and omissions constitute separate intentional or reckless conduct which justifies an assessment of punitive damages against him individually.

45. As a proximate result of one or more of said Defendants' acts and omissions described herein, Decedent suffered pain and then died on November 16, 2007.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock Jr., deceased, prays for judgment in favor of the estate and against Defendants, Sangamon County Sheriff's Department – Sangamon County Jail; Neil Williamson, individually and as Sheriff of Sangamon County and other named and those still unidentified employees/agents of the Jail and Sheriff, jointly and severally in their official or individual capacities, as follows:

A. Compensatory damages in an amount to be determined at trial, against all Defendants, jointly and severally;

B. Punitive damages in an amount to be determined at trial, against the individual Defendants, jointly and severally;

C. Reasonable attorneys' fees and costs against all Defendants, jointly and severally; and

D. Such other and further relief as this Court deems reasonable.

June 13, 2008

      Estate of AMON PAUL CARLOCK, JR., deceased
      By Mary L. Andreatta-Carlock, Executor, Plaintiff

       /s/Jon D. Robinson
  By _____
       Jon D. Robinson ARDC No. 2356678
       BOLEN ROBINSON & ELLIS, LLP
       202 South Franklin, 2nd Floor
       Decatur, Illinois 62523
       Telephone: 217-429-4296
       Fax: 217-329-0034
       E-mail: jrobinson@brelaw.com


       /s/Sharon D. Elvidge Kelley
  By _____
       Sharon D. Elvidge Kelley ARDC No. 06193792
       ELVIDGE KELLEY & SCHMIDT
       217 East Monroe Street, Suite 102
       Springfield, Illinois 62701
       Telephone: 217-535-1000
       Fax: 217-535-1055
       E-mail: shalaw@ameritech.net