UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by Mary L. Andreatta-Carlock, Executor,<br><br>Plaintiff,<br><br>v.<br><br>SANGAMON COUNTY SHERIFF'S DEPARTMENT - SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER KANE; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; LEE ANN BRAURER, R.N.; AND OTHER UNIDENTIFIED SANGAMON COUNTY CORRECTIONAL OFFICERS AND MEDICAL PERSONNEL,<br><br>Defendants. | Case No.: 3:08-cv-03075 |

## MOTION BY DEFENDANTS TO ISSUE SUBPOENA TO ST. JOHN'S HOSPITAL AND FOR ISSUANCE OF HIPAA ORDER PROTECTING RECORDS SUBPOENAED

NOW COME the Defendants, SHERIFF OF SANGAMON COUNTY, et al., by and through their attorneys, Hinshaw & Culbertson LLC, pursuant to Local Rule 7.1, and move that they may be authorized to issue a Subpoena in words and form as is attached hereto in "Exhibit A" to St. Johns Hospital (excepting the date of compliance which will depend upon the date the Court allows the Motion) instanter, and for the Court to enter a HIPAA Order protecting the records subpoenaed in the form as is attached as "Exhibit B."

In support of their Motion, the Defendants submit a Memorandum of Law pursuant to the provisions of Local Rule 7.1(B).

60175658v1 884755

Respectfully submitted,

/s/ D. Bradley Blodgett
D. Bradley Blodgett
E-mail:  bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail:  aramage@hinshawlaw.com
J. William Roberts
E-mail:  broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Blodgett Attorney Bar No. 0231134
Attorneys for Defendants SANGAMON COUNTY SHERIFF'S DEPARTMENT - SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER KANE; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; LEE ANN BRAURER, R.N.

## CERTIFICATE OF SERVICE

    I hereby certify that on June 26, 2008, I caused to be electronically filed the foregoing Motion by Defendants to Issue Subpoena to St. John's Hospital and for Issuance of HIPAA Order Protecting Records Subpoenaed with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

**Jon D Robinson**                         Email: jrobinson@brelaw.com

**Sharon D Elvidge Kelley**        Email: shalaw@ameritech.net

and I hereby certify that on June 26, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

**NONE**

/s/ D. Bradley Blodgett
D. Bradley Blodgett
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Blodgett Attorney Bar No. 0231134
Attorneys for Defendants SANGAMON COUNTY SHERIFF'S DEPARTMENT - SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER KANE; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; LEE ANN BRAURER, R.N.

60175658v1 884755

Issued by the
# UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by
Mary L. Andreatta-Carlock, Executor,
Plaintiff
V.
SANGAMON COUNTY SHERIFF'S DEPARTMENT -
SANGAMON COUNTY JAIL; NEIL WILLIAMSON,
INDIVIDUALLY AND AS SHERIFF OF SANGAMON
COUNTY; RON BECKNER, ADMINISTRATOR OF
SANGAMON COUNTY JAIL; OFFICER KANE; OFFICER
TODD GUY; OFFICER FURLONG; OFFICER AMBER
GREEN; OFFICER POWELL; OFFICER KIRBY;
ANTHONY SACCO, CHIEF DEPUTY; LEE ANN
BRAURER, R.N.; AND OTHER UNIDENTIFIED
SANGAMON COUNTY CORRECTIONAL OFFICERS AND
MEDICAL PERSONNEL,
Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:08-cv-03075

TO: St. John's Hospital, 800 East Carpenter Street, Springfield, Illinois, 62769

Attention: Medical Records Custodian

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Copies of any and all medical records, reports, notes, diagnostic studies, cardiac heart rate tests and studies, all other cardiac defibrillator studies and tests, memoranda, etc. pertaining to Amon Paul Carlock, Jr., Date of Birth: 11/29/1949, from November 16, 2007 to present.

| PLACE | DATE AND TIME |
|---|---|
| Hinshaw & Culbertson LLP<br>400 South Ninth Street<br>Suite 200<br>Springfield, Illinois  62701 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

EXHIBIT A

American LegalNet, Inc.
www.FormsWorkflow.com

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>June 26, 2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>D. Bradley Blodgett<br>Hinshaw & Culbertson LLP<br>400 South Ninth Street<br>Suite 200<br>Springfield, Illinois  62701 | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | United States Mail at Springfield, Illinois |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| St. John's Hospital, Attention: Medical Records Custodian | United States Mail - Certified Mail - Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| D. Bradley Blodgett | Attorney at Law |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER
400 South Ninth Street, Suite 200
Springfield, Illinois 62701
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by Mary L. Andreatta-Carlock, Executor,<br><br>        Plaintiff,<br><br>v.<br><br>SANGAMON COUNTY SHERIFF'S DEPARTMENT - SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER KANE; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; LEE ANN BRAURER, R.N.; AND OTHER UNIDENTIFIED SANGAMON COUNTY CORRECTIONAL OFFICERS AND MEDICAL PERSONNEL,<br><br>        Defendants. | Case No.: 3:08-cv-03075 |

## **<u>HIPAA PROTECTIVE ORDER</u>**

Pursuant to 45 C.F.R. 164.512, this Court finds that good cause exists for the entry of an Health Insurance Portability and Accountability Act (HIPAA) Protective Order to permit Defendants to obtain Plaintiff's health information and medical records, and prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED:

1.    The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit


EXHIBIT B

60175663v1 884755

"protected health information" (also referred to herein as "PHI") pertaining to AMON PAUL CARLOCK, JR. to the extent and subject to the conditions outlined herein.

2. For the purposes of this Qualified Protective Order, "PHI" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic, information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to AMON PAUL CARLOCK, JR. to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4. The parties and their attorneys shall be permitted to use the PHI of AMON PAUL CARLOCK, JR. in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e. attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. At the conclusion of the litigation as to any defendant (which shall be defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant and any person or entity in possession of PHI received from that defendant pursuant to paragraph 4 of this order shall destroy any and all copies of PHI pertaining to AMON

PAUL CARLOCK, JR. except: (1) the remaining defendants in the litigation, and persons or entities receiving PHI from those defendants pursuant to paragraph 4 of this order, may retain PHI in their possession.

6. This Order shall not control or limit the use of PHI pertaining to AMON PAUL CARLOCK, JR. if it comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103).

7. Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization, or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of any state and federal law that protects certain drug and alcohol records.

Entered: _____    _____
                                                                                        United States District Judge

60175663v1 884755