UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by Mary L. Andreatta-Carlock, Executor,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SANGAMON COUNTY SHERIFF'S DEPARTMENT - SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER KANE; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; LEE ANN BRAURER, R.N.; AND OTHER UNIDENTIFIED SANGAMON COUNTY CORRECTIONAL OFFICERS AND MEDICAL PERSONNEL,<br><br>　　　　　Defendants. | Case No.: 3:08-cv-03075<br><br>Judge: Jeanne E. Scott<br><br>Magistrate Judge Charles H. Evans |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS TO DISMISS AND STRIKE CERTAIN PLEADINGS IN PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME the Defendants, SANGAMON COUNTY SHERIFF'S DEPARTMENT - SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; and LEE ANN BRAURER, R.N., by and through their attorneys, HINSHAW & CULBERSTON LLP, and for their Memorandum of Law in Support of Their Motions to Dismiss and Strike Certain Pleadings in Plaintiff's First Amended Complaint, pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, state the following:

60176334v1 884755

The Defendants, with the exception of the Sangamon County Sheriff's Department and Sangamon County Jail, have answered Count III, and the Defendant, Sheriff of Sangamon County, in his official capacity, has answered Count II. Defendants, Sangamon County Jail and Sangamon County Sheriff's Department, move to dismiss all counts pleaded against them. All Defendants move to dismiss Count I. All Defendants move to strike certain immaterial and irrelevant material from the First Amended Complaint.

After presenting the general Motion to Dismiss standard, Defendants will address the several bases for their Motions to Dismiss including applicable law and argument.

## I.

## MOTION TO DISMISS STANDARD

To state a claim under federal notice pleadings standards, all the complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-777 (7th Cir. 2000) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (other citation omitted)). However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . ." *Id*. (quoting *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S. Ct. at 1974).

60176334v1 884755

II.

**MOTION TO DISMISS ALL COUNTS BY THE SANGAMON COUNTY JAIL AND SANGAMON COUNTY SHERIFF'S DEPARTMENT**

The Sangamon County Jail and Sangamon County Sheriff's Department move to dismiss all counts pleaded against them. The Sangamon County Jail and Sangamon County Sheriff's Department do not have the legal capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). *Wemple v. Illinois State Police*, 2005 WL 2001150 (C.D. Ill. 2005).

III.

**ALL DEFENDANTS MOVE TO DISMISS COUNT I**

All Defendants move to dismiss Count I for the following reasons.

Count I fails to plead the identity of the Defendants against whom recovery is sought, and with a few exceptions which Defendants are alleged to have committed the acts alleged in each paragraph. The count itself, in its introductory paragraphs, fails to specify which Defendants are proceeded against, and in the prayer for relief prays for judgment against Defendants, Sangamon County Sheriff's Department – Sangamon County Jail; Neil Williamson, Individually and as Sheriff of Sangamon County, and the other identified and now-unidentified employees/agents of the Sheriff.

Plaintiff is vague about or simply doesn't allege what individuals performed conduct that is alleged for the most part in Count I. For instance, Plaintiff alleges that certain conduct was committed by several individual employees/agents of the Jail and Sheriff (Para. 10), employees/agents of the Jail (Para. 11), Plaintiff cannot identify all of the individuals who participated in the above described conduct (para.12), punished by correctional officers without identifying the correctional officers, (Para. 13), no allegation is made as to who committed the conduct (Para's 15 and 16, 17), and several Defendants did certain things without identifying the defendants. (Para. l9).

3

As a result of the pleadings in Count I, Defendants do not know if they are being pleaded against and, if so, what conduct they are alleged to have committed. This is information to which they are entitled and they cannot plead to Count I without this information. Even the one individual Defendant who appears for certain to have been sued, the Sheriff, cannot determine from the many allegations what specific conduct in the various paragraphs is alleged against him.

The Defendants have answered Count III because at least arguably Count III can be read to allege that all Defendants are being proceeded against, and each Defendant committed each and every act in the paragraphs. However, the same cannot be said for Count I.

The reason Count I is defective is that the pleading fails to follow the fundamental requirement of Rule 10 (b) of the Federal Rules of Civil Procedure that a party must state its claims in numbered paragraphs, each limited as far as practical to a single set of circumstances, and that if doing so would promote clarity, each claim founded on a separate transaction must be stated in a separate count. When a complaint is such as to make it most difficult for the Court (and the Defendants) to understand each of Plaintiff's claims, and to understand against whom each of the claims is directed, a Complaint should be divided into separate counts with each count specifying one claim for relief, and each count stating to which Defendant or Defendants it is directed. *Hare v. Family Publications Serv., Inc.*, 342 F. Supp. 678, 686 (C. Md. 1972); Moore's Federal Practice 3d, Section 10.03(2)(a) and (b).

Defendants do not bear collective responsibility. If Plaintiff has a good cause of action, it must be against each Defendant individually. Defendants respectfully submit that without dismissal of Count I, and the pleading of a new Amended Complaint in accordance with the provisions of Rule 10(b) they cannot intelligently understand the conduct they are individually alleged to have committed, and determine if enough facts have been pleaded against them to state a claim that is plausible on its face. In addition, this Court cannot intelligently understand if

a legal cause of action has been pleaded against the individual Defendants as Count I is presently pleaded. For these reasons, all Defendants move to dismiss Count I.

IV.

**ALL DEFENDANTS MOVE TO STRIKE IMMATERIAL AND REDUNDANT ALLEGATIONS**

If Defendants' Motions to Dismiss are allowed, this Motion to Strike may be moot, but if Defendants' Motions to Dismiss are denied, they feel certain pleadings should be stricken from the Plaintiff's Complaint.

Rule 12(f) of the Federal Rules of Civil Procedure provides the Court a means to remove material from a pleading that is finds redundant or immaterial. To prevail on a motion to strike, a movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the Defendants. Courts will strike a claim as redundant when it essentially repeats another claim in the Complaint. An allegation is immaterial when it is not relevant to the issues involved in the action. Moore's Federal Practice 3d, Section 12.37 [3].

Defendants are unable to find authority for a pleading that describes that the Plaintiff believes there are other potential defendants who are responsible for the Plaintiff's claims, and for the Plaintiff to describe in her pleadings her future plans relating to the addition of other parties to the lawsuit. Defendants do not see that such a pleading is appropriate in the short and plain statement of a claim against defendants that is required. In Count I, the pleadings in paragraphs 6, 12, 21, and the prayer for relief against now-unidentified employees/agents of the Sheriff are all objectionable as immaterial, and should be stricken. The prejudice is simple confusion as Defendants are uncertain as to how these immaterial allegations play into the allegations of misconduct against them.

In addition, paragraphs 22 and 23 in Count I appear clearly to be Monell type allegations which simply are inappropriate in an action against individual Defendants. Plaintiff has pleaded her Monell claim in Count II, and the pleadings in paragraphs 22 and 23 are out of place and should be stricken as both immaterial and redundant to Count II. Once again, the prejudice to the Defendants is unnecessary confusion, they will not understand if Count I includes a Monell claim, and if a Monell claim is pleaded which Defendant or Defendants are subject to the claim.

WHEREFORE, for the foregoing reasons, Defendants, SANGAMON COUNTY SHERIFF'S DEPARTMENT – SANGAMON COUNTY JAIL, move to dismiss all counts pleaded against them, Defendants, NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; and LEE ANN BRAURER, R.N., move to dismiss Count I, and in the alternative, to strike immaterial and redundant pleadings.

Respectfully submitted,

/s/ D. Bradley Blodgett
D. Bradley Blodgett
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Blodgett Attorney Bar No. 0231134
Attorneys for Defendants SANGAMON COUNTY SHERIFF'S DEPARTMENT - SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; LEE ANN BRAURER, R.N.

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I caused to be electronically filed the foregoing Defendants' Memorandum of Law in Support of Their Motions to Dismiss and Strike Certain Pleadings In Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

**Jon D Robinson**         Email: jrobinson@brelaw.com

**Sharon D Elvidge Kelley**     Email: shalaw@ameritech.net

and I hereby certify that on July 22, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

**NONE**

/s/ D. Bradley Blodgett
D. Bradley Blodgett
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Blodgett Attorney Bar No. 0231134
Attorneys for Defendants SANGAMON COUNTY SHERIFF'S DEPARTMENT - SANGAMON COUNTY JAIL; NEIL WILLIAMSON, INDIVIDUALLY AND AS SHERIFF OF SANGAMON COUNTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; OFFICER TODD GUY; OFFICER FURLONG; OFFICER AMBER GREEN; OFFICER POWELL; OFFICER KIRBY; ANTHONY SACCO, CHIEF DEPUTY; LEE ANN BRAURER, R.N.

60176334v1 884755