**E-FILED**
Friday, 15 August, 2008  03:01:13 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD, ILLINOIS

| | |
|---|---|
| Estate of AMON PAUL CARLOCK, JR., deceased<br>By Mary L. Andreatta-Carlock, Executor, | )<br>)<br>) |
| Plaintiff | ) |
| vs. | )  No. 3:08-cv-03075 |
| | ) |
| NEIL WILLIAMSON, AS SHERIFF OF SANGAMON<br>COUNTY; ANTHONY SACCO, CHIEF DEPUTY;<br>TERRY DURR, JAIL SUPERINTENDENT; RON<br>BECKNER, ADMINISTRATOR OF SANGAMON<br>COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY<br>POWELL; OFFICER TODD GUY; OFFICER<br>KEVIN FURLONG; OFFICER AMBER GREEN;<br>OFFICER KIRBY; LEE ANNE BRAUER, RN;<br>SGT. GUY BOUVET; OFFICER WATKINS;<br>OFFICER AARON CONARD; OFFICER STEVE<br>BENINATO; NURSE WEST; AND<br>NURSE LUCY RAMSEY, | )<br>) Judge Jeanne E. Scott<br>)<br>) Magistrate Judge Charles H. Evans<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

---

## SECOND AMENDED COMPLAINT
## (WITH ADDED PARTIES)
_____

NOW COMES Plaintiff, Estate of Amon Paul Carlock, Jr., deceased, ("Decedent" or "Amon Paul Carlock, Jr.") by Mary L. Andreatta-Carlock, as Executor of the Estate, and for her Second Amended Complaint against the Defendants, Neil Williamson, as Sheriff of Sangamon County ("Sheriff"); and the following individuals who are employees and agents of the Jail and Sheriff: Anthony Sacco, Chief Deputy; Ron Beckner, Administrator for Sangamon County Jail; Lt. Candace Cain; Lt. Tammy Powell; Officer Todd Guy; Officer Kevin Furlong; Officer Amber Green; Officer Kirby; Lee Anne Brauer, RN; against newly added individual Defendants, Terry

Durr, Jail Superintendent; Sgt. Guy Bouvet; Officer Watkins; Officer Aaron Conard; Officer Steve Beninato; Nurse West; Nurse Lucy Ramsey; ("the Individual Defendants"), she states as follows:

## NATURE OF THE CASE

1.    This suit arises from the violation of the civil rights of Decedent, in violation of Title 42 USC § 1983.

## JURISDICTION

2.    This action is brought pursuant to 42 USC § 1983.  Jurisdiction is based upon 28 USC § 1331, 1332 and 1367.  Plaintiff demands trial by jury.

## VENUE

3.    The violation of civil rights alleged herein was committed within the Central District of Illinois, to-wit:  in the City of Springfield, County of Sangamon, State of Illinois. This action properly lies in the United States District Court for the Central District of Illinois, Springfield Division.

## PARTIES

4.    Decedent was a resident of the City of Springfield, County of Sangamon, State of Illinois, as of the date of his death on November 16, 2007.

5.    Defendants are Neil Williamson, as Sheriff of Sangamon County, who is legally responsible to control and operate the "Sangamon County Sheriff's Department and Sangamon County Jail" (herein called "Department" or "Jail"); and the following individuals who are employees and agents of the Sheriff working in the Jail:  Anthony Sacco, Chief Deputy; Terry Durr, Jail Superintendent; Ron Beckner, Administrator for Sangamon County Jail; Lt. Candace Cain; Lt. Tammy Powell; Officer Todd Guy; Officer Kevin Furlong; Officer Amber Green;

Officer Kirby; Lee Anne Brauer, RN; Sgt. Guy Bouvet; Officer Watkins; Officer Aaron Conard; Officer Steve Beninato; Nurse West; and Nurse Lucy Ramsey.

6.    On information and belief, there may be other now-unidentified correctional officers and medical personnel, who were employed in the Jail and who, while acting under color of state law, contributed to the violation of Decedent's civil rights and who contributed causally to his death.

7.    The individual correctional officers and medical personnel Defendants identified herein were, at all times relevant to this Complaint, supervised employees/agents of the Sheriff of Sangamon County.

8.    Said individual Defendants are named in their official capacities, but sued as individuals herein.

## BACKGROUND FACTS

9.    On or about October 9, 2007, after an 11-day hospital stay, the Decedent, in stable health and known to be an insulin-dependent diabetic, was transferred directly from St. John's Hospital in Springfield, Illinois by U.S. Marshals to the Jail for pretrial detainment.

10.    At the time the U.S. Marshals transferred the Decedent, the U.S. Marshals provided to the Sangamon County Jail personnel a "Prisoner Custody Alert Notice" which included notice of all medication prescribed for the Decedent while in the hospital and which medications were to be continued.  This information regarding the medications was detailed, including the name of the medication, what condition the medication treated, the dosage and when and how to take each medication.

11.    The "Prisoner Custody Alert" provided by the U.S. Marshals on October 9, 2007 to the personnel at the Sangamon County Jail also indicated that the Decedent was a diabetic, suffering from depression and was to be seen by the Jail doctor as soon as possible.

12.    The Decedent remained in the care and custody of the Sheriff in the Jail as a pretrial detainee during which time his physical and mental health continued to decline until his death on November 16, 2007.

13.    On information and belief, as early as October 27, 2007, Amon Paul Carlock, Jr., was exhibiting confusion, disorientation and experiencing hallucinations.  On October 30, 2007, Amon Paul Carlock, Jr. continued to express fear of the Defendants.  On November 10, 2007, he was totally confused, disoriented and unable to follow simple direction as his physical and mental health continued to deteriorate.

14.    On information and belief, during Decedent's pretrial detainment at the Jail, several individual employees/agents of the Jail and Sheriff, while acting under the color of state law, intentionally and/or recklessly mistreated him on various occasions, both before and on November 16, 2007, the day of his death. Said individuals are identified in the Counts below.

15.    On information and belief, and as more specifically described in the Counts below, Decedent was subjected from time-to-time to the following punishment and degrading and humiliating conduct by employees/agents of the Sheriff prior to November 16, 2007:

A.    being hosed down in his cell when he was found to be incontinent of bowel and/or bladder;

B.    being deliberately paraded nude down a hallway to the shower in front of other inmates, including female inmate(s) when there was no justification for this action by Defendants;

C.    being laughed at, ridiculed and degraded, taunted, and provoked because of his unresponsiveness and/or incontinence;

D.    being punished without justification on one or more occasions when he was tasered and/or pepper sprayed for allegedly failing to follow verbal commands and for not immediately responding to correctional officers;

E.    being tasered on more than one occasion under circumstances where he was no threat to the safety of others, including one occasion when he was incapacitated due to his critical medical condition;

F.    being confined to a "restraint chair" for many hours without any release time and without any reasonable justification therefor; and

G.    being deprived of medical care, medication and food on numerous occasions prior to November 16, 2007.

16.    The above-described conduct by agents and employees of the Sheriff also violates the Jail's published Practices and Procedures.

17.    The Decedent's physical and mental health steadily declined, including, but not limited to, severe weight loss, great fluctuation in his blood sugars, incontinence, confusion and disorientation during his detainment on October 9, 2007 and until his untimely death on November 16, 2007.

18.    As of November 15, 2007, decedent was to be transferred to a Springfield hospital for medical evaluation, treatment, and probable admission due to his serious medical conditions, which were known, or should have been known, to all Defendants at that time.

19.    Under the circumstances that existed on the morning of November 16, 2007 at the Jail, the individual Defendants identified below used, and/or allowed to be used, greater force

than was necessary to properly handle Decedent during the transfer process in violation of the Sangamon County Jail Code (Chapter 08-013) and in violation of Amon Paul Carlock, Jr.'s civil rights.

20.     After being tasered, suffocated and deprived of immediate emergency care on November 16, 2007 at the Jail, Decedent's respiration ceased, his heart stopped, and he was pronounced dead shortly thereafter.

21.     Prior to November, 2007, Defendant Neil Williamson, in his capacity as Sheriff, had personal knowledge, that some inmates in the Jail were abused and mistreated by employees of the Sheriff, and some inmates had been deprived of adequate medical care; but despite this knowledge, said Neil Williamson intentionally and/or recklessly failed and refused to correct the abuse and mistreatment even though he personally had final authority to prevent the abuse, mistreatment and deprivation of adequate medical care.

22.     The Sheriff had established policies and procedures for the use of tasers and restraint devices inside the Sangamon County Jail, for example:  "Use of restraint devices are designed to prevent the commission of an offense by unruly or violent inmates.  Tasers will only be used for self-defense and not for punishment."  And under these policies and procedures, the Sheriff and Facility Administrator were given exclusive authority for use of reasonable force and use of security equipment except "when an escape is in progress or when danger to persons or property damage may ensue."

23.     The Jail also had certain written policies and procedures for the general care and treatment and for medical care of prisoners within the Jail.

24.     Taser International, which manufactures the taser device used on Amon Paul Carlock, Jr., as described below, published product warnings to law enforcement agencies for

use of its Taser devices; and the following warning was effective March 1, 2007: "Avoid torturous or other misuse," and ". . .  it is conceivable that the muscle contractions may impair a subject's ability to breathe," referring to the use of a taser device.

25.    In addition to the above-described policies and procedures, prior to November, 2007, the U.S. Department of Justice in conjunction with the Police Executive Research Forum ("PERF") published standards for the use of Conducted Energy Devices (CED), which include the taser devices used on Amon Paul Carlock, Jr.; and these published standards include the following:  "Following a CED activation, officers should use a restraint technique that does not impair respiration."

26.   All of the policies, procedures and warnings described in paragraphs, 22, 23, 24 and 25 above were in effect, as of the time when Amon Paul Carlock, Jr. was a detainee in the Jail during 2007.

27.    As of November, 2007, the Sheriff had a pattern and practice of not enforcing the above-described policies, procedures and warnings regarding the treatment of Jail inmates.

## COUNT I

### CRUEL AND UNUSUAL TREATMENT – EXCESSIVE FORCE
### BY DEFENDANTS AMBER GREEN, OFFICER WATKINS, AND SGT. GUY BOUVET

28.    Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased, repeats and re-alleges the allegations contained in Paragraphs 1 through 27 as if fully set forth in Paragraphs 1 through 27 herein.

29.    Said Defendants Watkins and Bouvet approached the Decedent while he was in his cell at the Sangamon County Jail between October 9, 2007 and November 16, 2007; and they

demanded that Amon Paul Carlock, Jr. drop his blanket, but before he could comply, Defendant Bouvet grabbed the blanket to pull it down.

30.    At the time Defendant Bouvet reached for the blanket, Defendant Watkins engaged her taser device and lodged one barb into Amon Paul Carlock, Jr. and one barb into Defendant Bouvet's arm.

31.    While the Watkins taser was still engaged, Defendant Bouvet pulled Amon Paul Carlock, Jr. out of his cell and into the hallway.

32.    Defendant Bouvet and Amon Paul Carlock, Jr. then fell to the floor while both were being tased.

33.    While Amon Paul Carlock, Jr. was still connected by the taser device and laying on the Jail floor, Defendant Amber Green approached, and kicked Amon Paul Carlock, Jr. in the head.

34.    At and immediately prior to this incident, Amon Paul Carlock, Jr. was not exhibiting any behavior that could result in harm to himself or to others.

35.    As a direct and proximate result of these improper actions by said Defendants Watkins, Bouvet and Green, Amon Paul Carlock, Jr., experienced severe pain, humiliation, punishment, and his physical and mental condition continued to deteriorate.

36.    Said conduct by the Defendants was reckless and/or intentional use of excessive force and cruel punishment without justification.

37.    Defendants Green, Watkins and Bouvet violated Amon Paul Carlock, Jr.'s rights under the Eighth and Fourteenth Amendments of the U.S. Constitution to be free from cruel and unusual treatment and punishment in violation of 42 USC§1983; and said Defendants acted with malice and/or reckless indifference to the Amon Paul Carlock, Jr.'s federally protected rights.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendants Green, Watkins and Bouvet as follows:

A.  Compensatory damages in an amount to be determined at trial against all Defendants, jointly and severally;

B.  Punitive damages in an amount to be determined at trial against only the Defendants named individually, jointly and severally.

C.  Reasonable attorneys' fees and costs, jointly and severally against all Defendants; and

D.  Such other and further relief as this Court deems reasonable.

## COUNT II

### CRUEL AND UNUSUAL TREATMENT – EXCESSIVE FORCE BY DEFENDANT LT. TAMMY POWELL

38.  Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased, repeats and re-alleges the allegations contained in Paragraphs 1 through 27 as if fully set forth in Paragraphs 1 through 27 herein.

39.  Based upon information and belief, shortly after Amon Paul Carlock, Jr. and Defendant Bouvet were tasered as described in the events in Count I above, Amon Paul Carlock, Jr. was placed in a "restraint chair" within the Jail.

40.  Based upon information and belief,  at the time the Decedent was placed in the "restraint chair," the Decedent was not exhibiting any behavior which would justify use of this restraint.

41.    Based upon information and belief, Lt. Tammy Powell approached Amon Paul Carlock, Jr. while he was in his cell, completely restrained in the "restraint chair;" and as she walked past Amon Paul Carlock, Jr.'s cell, without any provocation, she discharged a taser device which struck Amon Paul Carlock, Jr. while he was held in the "restraint chair."

42.    As a direct and proximate result of these actions by the Defendant(s), Decedent experienced severe pain, humiliation, punishment and a continued decline in his physical and mental condition.

43.    Said conduct by Defendant Powell was reckless and/or intentional use of excessive force with malice and cruel punishment without justification.

44.    Defendant Powell violated the Decedent's rights under the Eighth and Fourteenth Amendments of the U.S. Constitution to be free from cruel and unusual treatment and punishment in violation of 42 USC§1983; and said Defendant acted with malice and/or reckless indifference to the Decedent's federally protected rights.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendant Powell as follows:

A.    Compensatory damages in an amount to be determined at trial against all Defendants, jointly and severally;

B.    Punitive damages in an amount to be determined at trial against only the Defendants named individually, jointly and severally.

C.    Reasonable attorneys' fees and costs, jointly and severally against all Defendants; and

D.    Such other and further relief as this Court deems reasonable.

## COUNT III

### CRUEL AND UNUSUAL TREATMENT – EXCESSIVE FORCE
### BY DEFENDANTS KIRBY, BENINATO AND CONARD

45.    Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased, repeats and re-alleges the allegations contained in Paragraphs 1 through 27 as if fully set forth in Paragraphs 1 through 27 herein.

46.    Based upon information and belief, on one occasion after October 9, 2007 and before October 17, 2007, Defendants Kirby, Beninato and Conard handcuffed and shackled the decedent while in the cell for transport to court.

47.    Based upon information and belief, although Amon Paul Carlock, Jr. was not exhibiting any threatening behavior to himself or others, one or more of said Defendants, without any warning to Amon Paul Carlock, Jr., tasered him at least once while he was handcuffed and shackled and still in his cell.

48.    Based upon information and belief, later that morning, two U.S. Marshals who were to escort Amon Paul Carlock, Jr. to Court found that Amon Paul Carlock, Jr. was being held in a "restraint chair" and that he was confused and unable to attend Court that day.

49.    Said conduct by Defendants Kirby, Beninato and Conard was reckless and/or intentional use of excessive and unreasonable force, which amounted to cruel punishment of Amon Paul Carlock, Jr.

50.    As a direct and proximate result of these actions by Defendants Kirby, Beninato and Conard, Amon Paul Carlock, Jr. suffered extreme pain, humiliation, punishment and a decline in his physical and mental condition.

51.     Said conduct by Defendants Kirby, Beninato, and Conard violated Amon Paul Carlock, Jr.'s rights under the Eighth and Fourteenth Amendments to the U.S. Constitution to be free from cruel, unusual treatment and punishment in violation of 42 USC§1983; and this conduct was done with malice and/or reckless indifference to Amon Paul Carlock, Jr.'s federally protected rights.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendants Kirby, Beninato and Conard as follows:

A.     Compensatory damages in an amount to be determined at trial against all Defendants, jointly and severally;

B.     Punitive damages in an amount to be determined at trial against only the Defendants named individually, jointly and severally;

C.     Reasonable attorneys' fees and costs, jointly and severally against all Defendants; and

D.     Such other and further relief as this Court deems reasonable.

## COUNT IV

## FEDERAL MONELL CLAIM

52.     Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 27 as if fully set forth in Paragraphs 1 through 27 herein.

53.     Defendant Sheriff, through his administrative officers have a custom, pattern and practice of allowing officers within the Jail to deploy taser devices without sufficiently training

and warning them (employees/agents) regarding their use, despite the Sangamon County Jail Code and the Illinois County Jail Standards.

54.     Examples of said Defendant's improper customs, patterns and practices are the following:

A       Encouraging, or not preventing, the deployment of taser guns when such use of force is not necessary or justified;

B.      Encouraging, or not preventing, the use of taser guns, when they know or should know that the use of such weapons can cause or contribute to the cause of permanent and serious bodily harm when coupled with force which restricts respiration;

C.      Encouraging, or not preventing, the deployment of taser guns in the "drive-stun" mode to intentionally inflict pain, punishment, or to obtain compliance with an officer's verbal commands.

55.     Defendants Sheriff and his administrative officers have a custom, pattern and practice of not preventing Jail correctional officers from abusing taser guns, restraint devices and the use of force, especially force which restricts respiration.

56.     Said customs, patterns or practices inflicted pain as punishment and caused Decedent to be deprived of his life without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution.

57.     On the morning of November 16, 2007, while waiting to be transported to a hospital for medical care, Amon Paul Carlock, Jr. was handcuffed and shackled even though he was too ill to resist; and while in this condition either Defendant Todd Guy or Defendant Aaron

Conard tasered him and Defendant Furlong applied his own weight to Amon Paul Carlock, Jr.'s torso which restricted his respiration.

58.     According to Defendant Beckner, Amon Paul Carlock, Jr. was last tasered on November 16, 2007, by Defendant Guy; however, on information and belief, Defendant Conard was the officer who last tasered Amon Paul Carlock, Jr. on November 16, 2007.

59.     The above-described inappropriate use of a taser by Defendant Guy or Defendant Conard, coupled with pressure applied to his upper torso by Defendant Furlong, caused or contributed to the cause of Decedent's death on November 16, 2007.

60.     Prior to November, 2007, the Sheriff had received reports and information of other alleged abuse of detainees within the Jail, including reports involving the death of other detainees and/or prisoners in the Jail.

61.     Defendant Sheriff recklessly allowed continuation of customs, patterns and practices which are unconstitutional, to-wit:  permitting employees/agents of the Sheriff Department to physically and emotionally abuse inmates of the Jail after receiving complaints about prior similar abuse of inmates.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendant Sheriff in his official capacity for the following relief:

A.     A declaration that the acts and practices complained of herein are in Violation of 42 USC § 1983;

B.     An injunction to permanently restrain these violations of 42 USC § 1983;

C.     Compensatory damages in an amount to be determined at trial;

D.  Reasonable attorneys' fees, costs; and prejudgment interest as provided by 42 USC § 2000 e-5(K) and (J); and

F.  Such other and further relief as this Court deems reasonable.

## COUNT V

### FEDERAL CLAIM FOR FAILURE TO PROVIDE APPROPRIATE MEDICAL TREATMENT

62.  Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 27 above as if fully set forth in Paragraphs 1 through 27 herein.

63.  During the time Decedent was held as a pretrial detainee in the Jail, Defendants, Sheriff and other individuals employed by the Sheriff in the Jail, including Defendants Guy, Aaron Conard, Watkins, Kirby, Cane, Furlong, Beckner, Lee Anne Brauer, R.N., Nurse Lucy Ramsey and Nurse West received actual and/or constructive notice that Amon Paul Carlock, Jr. was medically unstable and in need of regular and continuous nursing and/or medical assessment, monitoring and treatment, to-wit:

A.  On October 9, 2007, said Defendants received notice from the U.S. Marshal's Office regarding Amon Paul Carlock, Jr.'s health conditions and medications;

B.  On information and belief, additional notice was also provided to said Defendants on October 17, 2007, when U.S. Judge Magistrate, Byron Cudmore, requested Amon Paul Carlock, Jr.'s prescription medication be monitored;

C.  Amon Paul Carlock, Jr.'s suffered from chronic health conditions, including diabetes and severe depression, the nature of which would be obvious to said

Defendants, and which would obviously require monitoring, treatment and accurate medical documentation;

D.    Amon Paul Carlock, Jr. was prescribed several medications, which was known to said Defendants before his death on November 16, 2007;

E.    Said Defendants knew that Amon Paul Carlock, Jr.'s prescribed medications required regular and continuous monitoring, including behavioral monitoring, blood tests, medical treatment, and accurate medical record documentation.

F.    Said Defendants knew or should have known Amon Paul Carlock, Jr.'s intake of food was not adequate for his medical condition of diabetes, and failed to notify the jail doctor and implement appropriate nursing measures;

G.    Defendants failed to perform accu checks as ordered and monitor Amon Paul Carlock, Jr.'s blood sugars;

H.    Defendants failed to administer medication(s) as ordered and failed to implement appropriate nursing measures when they knew Amon Paul Carlock, Jr. had not received medication(s) as ordered;

I.    Defendants failed to respond with appropriate nursing measures when they knew Amon Paul Carlock, Jr.'s blood sugar was critically low;

J.    Defendants failed to assess, monitor, provide and/or obtain medical care when Decedent developed fecal incontinence;

K.    Defendants failed to implement appropriate nursing measures and/or notify the Jail doctor to seek medical care when they knew, or should have known, Amon Paul Carlock, Jr.'s physical and mental health steadily declined; and

16

L.    Defendants failed to assess Amon Paul Carlock, Jr.'s medical and mental physical status.

64.    The Defendants named herein had a duty under the Eighth and Fourteenth Amendments to the U. S. Constitution to provide reasonable and appropriate medical care to Amon Paul Carlock, Jr. while he was detained in the Jail.

65.    Despite this duty, said Defendants prior to November 16, 2007, were deliberately indifferent to Amon Paul Carlock, Jr.'s serious medical needs, and Defendants Guy, Furlong, Beckner, Brauer, West and Ramsey failed to obtain, monitor and/or record medical observation, assessments and care for Decedent to prevent him from becoming incapacitated due to his acute diabetic and depressive conditions.

66.    On November 15, 2007, one or more of Defendants, Brauer, Beckner, West and Ramsey had scheduled Decedent to be transported to a hospital on the morning of November 16, 2007 for medical evaluation, for possible admission, for treatment and for possible medication adjustments due to his critical blood levels.

67.    Based upon information and belief, on the morning of November 16, 2007, from time-to-time when Decedent was last tasered and physically restrained in the Jail, Defendants Brauer, West, Ramsey, Beckner, Guy, Furlong, Conard, Kirby, Watkins, Cain, and a short blonde female officer with glasses were present.

68.    Despite their said knowledge of Decedent's critical medical care needs and his obvious poor physical condition, Defendants Beckner, Guy, Furlong, Brauer, West, Ramsey, Conard, Kirby, Watkins, Cain, and the short blonde female officer with glasses participated in the mistreatment of Amon Paul Carlock, Jr.:

A.    by delaying his medical treatment for conditions which rendered him at times unresponsive;

B.    by allowing him to be tasered for failing to follow verbal commands;

C.    by restricting or allowing the restricting of his respiration while he was physically incapacitated and restrained on the floor inside the Jail.

69.    On information and belief, one or more of the employees/agents in the Jail were trained in CPR, and emergency medical equipment was available; however none of the individual Defendants, named in this Count who were present provided CPR or other emergency medical services to Amon Paul Carlock, Jr. even though his distress was obvious, to-wit: purple feet, lack of pedal and carotid pulses, lack of respiration and overall unresponsiveness.

70.    Amon Paul Carlock, Jr. suffered from diabetes and was insulin dependent; but while detained at the Sangamon County Jail, he did not receive the necessary medical care and dietary services required to control this medical condition.  In addition, Amon Paul Carlock, Jr.'s meals which were delivered to his cell were quickly removed if he did not immediately take the meal.  Amon Paul Carlock, Jr.'s blood sugar fluctuated dramatically during this time, and he lost significant weight, and became incontinent.  Amon Paul Carlock, Jr.'s physical condition deteriorated during his time in the Sangamon County Jail to the point that he was in a critical state at the time of his death because Defendants Brauer, West, Ramsey, and other now-unidentified medical personnel, did not provide adequate nursing services and/or interventions; and did not monitor and assess his medical condition, did not accurately document his medical condition, and did not obtain needed medical and dietary services.

71.    On November 16, 2007, on information and belief, after Officer Furlong got off of the Decedent, Defendant Beckner inquired whether Amon Paul Carlock, Jr. was dead or alive;

18

and when he learned from Lt. Cain that Amon Paul Carlock, Jr. was probably not alive, Beckner responded that Amon Paul Carlock, Jr. "got what he deserved."

72.     Defendants Sheriff, Sacco, Durr, Beckner, Brauer, West, Ramsey, and other now-unidentified employees of the Jail had knowledge, prior to November 2007, that some inmates in the Jail did not receive proper medical care, including inadequate monitoring of their health status, failure to provide medication and/or medical treatment; however, said Defendants intentionally and/or recklessly failed to correct the mistreatment.

73.     There was a custom, pattern and practice in the Jail prior to and including November 16, 2007, of failing to provide adequate and necessary medical services to residents of the Jail, including pretrial detainees.   The Sheriff while knowing of this custom, pattern and practice failed to correct it, and this failure by the Sheriff and his administrative officers allowed employees/agents of Sheriff in the Jail to violate Amon Paul Carlock, Jr.'s rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

74.     Defendants' said conduct was done with malice and/or reckless indifference to Amon Paul Carlock, Jr.'s federally protected rights.

75.     The above-described acts and omissions by said Defendants, and by others  now-unidentified, constitute willful and/or reckless conduct.

76.     As a proximate result of one or more of said Defendants' acts and omissions described herein, Decedent suffered pain and then died on November 16, 2007.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr., deceased, prays for judgment in favor of the estate and against Defendants, Sheriff Neil Williamson, as Sheriff of Sangamon County and the other Defendants named herein jointly and severally in their official or individual capacities, as follows:

A.     Compensatory damages in an amount to be determined at trial, against all Defendants, jointly and severally;

B.     Punitive damages in an amount to be determined at trial, against the individual Defendants, jointly and severally;

C.     Reasonable attorneys' fees and costs against all Defendants, jointly and severally; and

D.     Such other and further relief as this Court deems reasonable.

## COUNT VI

**STATE CLAIM FOR UNLAWFUL USE OF EXCESSIVE FORCE
AGAINST SHERIFF AND DEFENDANTS, GUY, FURLONG, AND CONARD**

77.     Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 27 as if fully set forth in Paragraphs 1 through 27 herein.

78.     This Count VI is brought by Plaintiff against the Sheriff as the official responsible for the Sangamon County Sheriff's Department and Jail, and Defendants Guy, Furlong and Conard for unlawful use of excessive force committed by Defendants Guy, Furlong and/or Conard on November 16, 2007 at the Jail.

79.     On November 16, 2007, either Defendant Guy or Defendant Conard tasered Amon Paul Carlock, Jr. while he was handcuffed, shackled and unable to physically respond because of his poor physical condition and illness.

80.     On November 16, 2007, Defendant Furlong applied heavy pressure on Amon Paul Carlock, Jr.'s chest which restricted his breathing.

81.    The said Defendants' above-described actions amounted to use of excessive and deadly force and were unreasonable and totally without justification.

82.    At all times relevant to this Count, said Defendants Guy, Conard and Furlong were employees, and therefore, agents of the Sheriff.

83.    As a direct and proximate result of the foregoing illegal and willful and wanton acts and omissions of Defendants, Amon Paul Carlock, Jr. suffered physical injury and death.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr. Jr., deceased, prays for judgment in favor of the estate and against the above-named Defendants jointly and severally for damages in excess of $50,000 plus Plaintiff's costs of suit, together with such other relief deemed by the Court to be just and equitable.


## COUNT VII

**STATE CLAIM AGAINST SHERIFF AND DEFENDANTS ANTHONY SACCO, TERRY DURR; RON BECKNER; LT. CANDACE CAIN; TODD GUY; KEVIN FURLONG; AMBER GREEN; TAMMY POWELL; KIRBY; LEE ANNE BRAUER, RN; , SGT. GUY BOUVET; WATKINS; AARON CONARD; STEVE BENINATO; NURSE WEST; AND NURSE LUCY RAMSEY FOR FAILURE TO PROVIDE MEDICAL TREATMENT**

84.    Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 27 as if fully set forth in Paragraphs 1 through 27 herein.

21

85.    This Count VII is brought by Plaintiff against Sheriff in his official capacity as the entity responsible for the Sangamon County Sheriff's Department and the Sangamon County Jail, and Anthony Sacco, Chief Deputy; Terry Durr, Jail Superintendent; Ron Beckner, Administrator for Sangamon County Jail; Lt. Candace Cain; Officer Todd Guy; Officer Kevin Furlong; Officer Amber Green; Lt. Tammy Powell; Officer Kirby; Lee Anne Brauer, RN; Sgt. Guy Bouvet; Officer Watkins; Officer Aaron Conard; Officer Steve Beninato; Nurse West; Nurse Lucy Ramsey; and short blonde female with glasses.

86.    Prior to November 16, 2007, and from time-to-time while Amon Paul Carlock, Jr. was detained in the Jail, the individually named Defendants herein failed to provide appropriate medical care for Amon Paul Carlock, Jr., to-wit:

A.    The Sheriff and Defendants Sacco, Durr and Beckner as supervisory authority failed to follow and enforce the Rules and Regulations previously adopted for the Jail; and

B.    Defendants Cain, Guy, Furlong, Green, Powell, Kirby, Brauer, Bouvet, Watkins, Conard, Beninato, West and Ramsey who were correctional officers or nurses failed to provide to, or obtain for, Amon Paul Carlock, Jr. appropriate medical treatment for his condition(s) of ill-being.

87.    On November 16, 2007, Defendants Beckner, Furlong, Watkins, Kirby, Cain, Conard, Guy, Brauer, West, Ramsey, and short blonde female with glasses, failed to provide appropriate emergency medical services and assistance to Amon Paul Carlock, Jr. when they knew he was incapacitated and unresponsive as his feet were purple, he had no pedal or carotid pulses and his respiration had ceased on the morning of November 16, 2007, when they failed to use CPR or any other life-saving techniques in an attempt to save his life.

88.     During Decedent's detainment in the Jail from October 9 through November 16, 2007, Defendants Brauer, Ramsey, West and other non-identified nursing or medical employees of the Jail failed to provide to, or obtain for, Amon Paul Carlock, Jr. appropriate medical care, to-wit:

A.     On October 9, 2007, said Defendants received notice from the U.S. Marshal's Office regarding Amon Paul Carlock, Jr.'s health conditions and medications;

B.     On information and belief, additional notice was also provided to said Defendants on October 17, 2007, when U.S. Judge Magistrate, Byron Cudmore, requested Amon Paul Carlock, Jr.'s prescription medication be monitored;

C.     Amon Paul Carlock, Jr.'s suffered from chronic health conditions, including diabetes and severe depression, the nature of which would be obvious to said Defendants, and which would obviously require monitoring, treatment and accurate medical documentation;

D.     Amon Paul Carlock, Jr. was prescribed several medications, which was known to said Defendants before his death on November 16, 2007;

E.     Said Defendants knew that Amon Paul Carlock, Jr.'s prescribed medications required regular and continuous monitoring, including behavioral monitoring, blood tests, medical treatment, and accurate medical record documentation.

F.     Said Defendants knew or should have known Amon Paul Carlock, Jr.'s intake of food was not adequate for his medical condition of diabetes, and failed to notify the jail doctor and implement appropriate nursing measures;

G.     Defendants failed to perform accu checks as ordered and monitor Amon Paul Carlock, Jr.'s blood sugars;

H.     Defendants failed to administer medication(s) as ordered and failed to implement appropriate nursing measures when they knew Amon Paul Carlock, Jr. had not received medication(s) as ordered;

I.      Defendants failed to respond with appropriate nursing measures when they knew Amon Paul Carlock, Jr.'s blood sugar was critically low;

J.      Defendants failed to assess, monitor, provide and/or obtain medical care when Decedent developed fecal incontinence;

K.     Defendants failed to implement appropriate nursing measures and/or notify the Jail doctor to seek medical care when they knew, or should have known, Amon Paul Carlock, Jr.'s physical and mental health steadily declined; and

L.      Defendants failed to assess Amon Paul Carlock, Jr.'s medical and mental physical status.

89.     Defendants Brauer, Ramsey, West and other non-identified nursing or medical Jail employees/agents knew or should have known the Decedent's physical and mental health status steadily declined during his confinement in the Jail between October 9, 2007 and November 16, 2007, and the Defendants failed to assess, accurately document, obtain and/or provide appropriate nursing services and interventions, or obtain needed medical services for the Decedent.

90.    Amon Paul Carlock, Jr. suffered from diabetes and was insulin dependent; but while detained at the Sangamon County Jail, he did not receive the necessary medical care and dietary services required to control this medical condition.  In addition, Amon Paul Carlock, Jr.'s meals which were delivered to his cell were quickly removed if he did not immediately take the meal.  Amon Paul Carlock, Jr.'s blood sugar fluctuated dramatically during this time, and he lost significant weight and became incontinent.    Amon Paul Carlock, Jr.'s physical condition deteriorated during his time in the Sangamon County Jail to the point that he was in a critical state at the time of his death because Defendants Brauer, West, Ramsey, and other now-unidentified medical personnel, did not provide adequate nursing services and/or interventions; and did not monitor and assess his medical condition, did not accurately document his medical condition, and did not obtain needed medical and dietary services.

91.    As a direct and proximate result of the foregoing illegal and willful acts and omissions of said Defendants, Amon Paul Carlock, Jr. suffered physical injury, and ultimately wrongful death.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr. Jr., deceased, prays for judgment in favor of the estate and against the above-named Defendants jointly and severally for damages in excess of $50,000 plus Plaintiff's costs of suit, together with such other relief deemed by the Court to be just and equitable.

## COUNT VIII

### STATE CLAIM AGAINST SHERIFF AND SUPERVISORY STAFF, INCLUDING DEFENDANTS SACCO, DURR AND BECKNER

92.    Mary L. Andreatta-Carlock, as Executor of the Estate of Amon Paul Carlock, Jr., deceased repeats and re-alleges the allegations contained in Paragraphs 1 through 27 and 79 through 90 as if fully set forth in Paragraphs 1 through 27 and 79 through 90 herein.

93.    As of November, 2007, when Amon Paul Carlock, Jr., died in the Jail, rules and regulations existed which prohibited Jail employees from using excessive force and which called for Jail employees to provide reasonable medical treatment for inmates and detainees of the Jail.

94.    Despite said rules and regulations, Defendants Sheriff, Sacco, Durr and Beckner failed to enforce them to prevent abuse, mistreatment and deprivation of adequate medical care of inmates and detainees.

95.    This Count VIII is brought by Plaintiff against the Sheriff and Defendants Sacco, Durr and Beckner, as the Sheriff's supervisory staff having ultimate authority over the Jail for their individual and collective failure to enforce rules and regulations for the proper care and treatment of detainees within the Jail, when they knew that inmates and detainees in the Jail previously had been abused, mistreated and deprived of adequate medical care by employees working in the Jail.

96.    Given their actual knowledge of prior claims of mistreatment, abuse and deprivation of adequate medical care of inmates and detainees in the Jail, the failure to enforce rules and regulations to prevent such abuse and mistreatment is willful, reckless and/or deliberate conduct on their part.

97.     As a foreseeable result of said Defendants' failure to enforce the Jail's own rules and regulations for the care and treatment (including medical treatment) of detainees within the Jail, the other individually named Defendants in this complaint were enabled in their mistreatment, abuse, punishment and deprivation of medical care of Amon Paul Carlock, Jr. as described hereinabove.

98.     As a direct and proximate result of said actions and/or inaction by Defendants Sheriff, Sacco, Durr and Beckner, Amon Paul Carlock, Jr. suffered unjustified punishment, physical injury and death in the Jail.

WHEREFORE, Plaintiff, Mary L. Andreatta-Carlock, Executor of the Estate of Amon Paul Carlock, Jr. Jr., deceased, prays for judgment in favor of the estate and against the above-named Defendants jointly and severally for damages in excess of $50,000 plus Plaintiff's costs of suit, together with such other relief deemed by the Court to be just and equitable.

August 15, 2008                    Estate of AMON PAUL CARLOCK, JR., deceased
                                   By Mary L. Andreatta-Carlock, Executor, Plaintiff

                                           /s/Jon D. Robinson
                                   By _____
                                           Jon D. Robinson ARDC No. 2356678
                                           BOLEN ROBINSON & ELLIS, LLP
                                           202 South Franklin, 2nd Floor
                                           Decatur, Illinois 62523
                                           Telephone: 217-429-4296
                                           Fax: 217-329-0034
                                           E-mail: jrobinson@brelaw.com

                                           /s/Sharon D. Elvidge Kelley
                                   By _____
                                           Sharon D. Elvidge Kelley ARDC No. 06193792
                                           ELVIDGE KELLEY & SCHMIDT
                                           217 East Monroe Street, Suite 102
                                           Springfield, Illinois 62701
                                           Telephone: 217-535-1000
                                           Fax: 217-535-1055
                                           E-mail: shalaw@ameritech.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2008, I caused to be electronically filed **SECOND AMENDED COMPLAINT (WITH ADDED PARTIES)** with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

| | |
|---|---|
| Andrew M. Ramage | aramage@hinshawlaw.com |
| J. William Roberts | broberts@hinshawlaw.com |
| D. Bradley Blodgett | bblodgett@hinshawlaw.com |

and I hereby certify that on August 15, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

NONE

/s/ Jon D. Robinson
Jon D. Robinson ARDC No. 2356678
BOLEN ROBINSON & ELLIS, LLP
202 South Franklin, 2nd Floor
Decatur, Illinois 62523
Telephone: 217-429-4296
Fax: 217-329-0034
E-mail: jrobinson@brelaw.com
Attorney for Estate of AMON PAUL CARLOCK, JR., deceased By Mary L. Andreatta-Carlock, Executor, Plaintiff