E-FILED
Tuesday, 02 September, 2008 02:55:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by Mary L. Andreatta-Carlock, Executor,

    Plaintiff,

v.

NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; TERRY DURR, JAIL SUPERINTENDENT; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.; SGT. GUY BOUVET; OFFICER WATKINS; OFFICER AARON CONARD; OFFICER STEVE BENINATO; NURSE WEST AND NURSE LUCY RAMSEY,

    Defendants.

Case No.: 3:08-cv-03075

Judge: Jeanne E. Scott

Magistrate Judge: Charles H. Evans

## ANSWER BY DEFENDANT, OFFICER KEVIN FURLONG, TO COUNT V OF SECOND AMENDED COMPLAINT

NOW COMES the Defendant, OFFICER KEVIN FURLONG, by and through his attorneys, Hinshaw & Culbertson LLP, and states the following in Answer to the allegations pleaded against him in Count V of the Second Amended Complaint.

### COUNT V

1.  Defendant denies the allegations of paragraph 1.

2.  Defendant admits part of the action is brought pursuant to 42 USC Sec. 1983 but denies the entire action is brought pursuant to that section. Defendant denies that jurisdiction is conferred by 28 USC 1332.

3.  Defendant denies the allegations of paragraph 3.

4.  Defendant does not know if the allegations of paragraph 4 are true.

5. Defendant admits the allegations of paragraph 5.

6. Defendant does not know if the allegations of paragraph 6 are true.

7. Defendant admits the allegations of paragraph 7.

8. Defendant does not answer the allegation of paragraph 8 as it appears to be a legal conclusion and not a factual allegation.

9. Defendant does not know if the allegations of paragraph 9 are true.

10. Defendant does not know if the allegations of paragraph 10 are true.

11. Defendant does not know if the allegations of paragraph 11 are true.

12. Defendant does not know if the allegations of paragraph 12 are true.

13. Defendant does not know if the allegations of paragraph 13 are true.

14. Defendant denies the allegations as to himself. The allegations are too vague to be answered more fully since no specific incidents are pleaded.

15. Defendant does not know if the allegations of paragraph 15 are true.

16. Defendant does not know if the allegations of paragraph 16 are true.

17. Defendant does not know if the allegations of paragraph 17 are true.

18. Defendant does not know if the allegations of paragraph 18 are true.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant does not know if the allegations of paragraph 21 are true.

22. Defendant admits there were established polices and procedures for the use of tasers and restraint devices but denies the balance of the paragraph is an adequate statement of the policies and procedures.

23. Defendant admits the allegations of paragraph 23.

24. Defendant does not know if the allegations of paragraph 24 are true.

60177365v1  884755  13302

25. Defendant does not know if the allegations of paragraph 25 are true.

26. Defendant does not know if the allegations of paragraph 26 are true.

27. Defendant denies the allegations of paragraph 27.

63. Defendant does not know if the allegations of paragraph 63 are true with respect to other Defendants. He denies he had the knowledge alleged or committed any of the acts alleged.

64. Defendant does not answer the allegations of paragraph 64 as they are legal conclusions and not assertions of fact.

65. Defendant does not know if the allegations of paragraph 65 are true as to other Defendants. He denies the allegations as to himself

66. Defendant does not know if the allegations of paragraph 66 are true.

67. Defendant admits he was present for a period of time.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant does not know if the allegations of paragraph 70 are true.

71. Defendant denies the allegations of paragraph 71.

72. Defendant does not know if the allegations of paragraph 72 are true.

73. Defendant does not know if the allegations of paragraph 73 are true.

74. Defendant denies the allegations of paragraph 74 with respect to his own conduct. Defendant does not understand what is referenced by "said conduct" with respect to other Defendants, and does not respond to the allegation.

75. Defendant denies the allegations of paragraph 75 with respect to his own conduct. Defendant does not understand what is referenced by "said conduct" with respect to other Defendants, and does not respond to the allegation.

3

76.    Defendant denies the allegations of paragraph 76 with respect to his own conduct.

## AFFIRMATIVE DEFENSE

For his Affirmative Defense to the allegations of Count V, the Defendant, OFFICER KEVIN FURLONG, states he is entitled to qualified immunity with respect to any act or omission performed in the course of his duties relating to Plaintiff's decedent.

WHEREFORE, Defendant, OFFICER KEVIN FURLONG, prays for judgment in his favor and an award of reasonable attorney's fees and costs against Plaintiff.

## DEFENDANT DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ D. Bradley Blodgett
Blodgett Attorney Bar No. 0231134
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendants NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, I caused to be electronically filed the foregoing Answer by Defendant, Officer Kevin Furlong, to Count V of Second Amended Complaint with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

**Jon D Robinson**   Email: jrobinson@brelaw.com

**Sharon D Elvidge Kelley**   Email: shalaw@ameritech.net

and I hereby certify that on September 2, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

**NONE**

/s/ D. Bradley Blodgett
D. Bradley Blodgett
Blodgett Attorney Bar No. 0231134
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendants NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.

60177365v1 884755 13302