**E-FILED**
Tuesday, 02 September, 2008  02:58:54 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by Mary L. Andreatta-Carlock, Executor, ) ) ) | |
| Plaintiff, ) | Case No.: 3:08-cv-03075 |
| ) | |
| v. ) | Judge: Jeanne E. Scott |
| ) | |
| NEIL WILLIAMSON, AS SHERIFF OF ) | Magistrate Judge:  Charles H. Evans |
| SANGAMON COUNTY; ANTHONY SACCO, ) CHIEF DEPUTY; TERRY DURR, JAIL ) SUPERINTENDENT; RON BECKNER, ) ADMINISTRATOR OF SANGAMON ) COUNTY JAIL; LT. CANDACE CAIN; LT. ) TAMMY POWELL; OFFICER TODD GUY; ) OFFICER KEVIN FURLONG; OFFICER ) AMBER GREEN; OFFICER KIRBY; LEE ) ANNE BRAURER, R.N.; SGT. GUY ) BOUVET; OFFICER WATKINS; OFFICER ) AARON CONARD; OFFICER STEVE ) BENINATO; NURSE WEST AND NURSE ) LUCY RAMSEY, ) ) | |
| Defendants. ) | |

## ANSWER BY DEFENDANT, LEE ANN BRAURER, R.N., TO COUNT V OF SECOND AMENDED COMPLAINT

NOW COMES the Defendant, LEE ANN BRAURER, R.N., by and through her attorneys, Hinshaw & Culbertson LLP, and states the following in Answer to the allegations pleaded against her in Count V of the Second Amended Complaint.

### COUNT V

1.  Defendant denies the allegations of paragraph 1.

2.  Defendant admits part of the action is brought pursuant to 42 USC Sec. 1983 but denies the entire action is brought pursuant to that section.  Defendant denies that jurisdiction is conferred by 28 USC 1332.

3.  Defendant denies the allegations of paragraph 3.

4.  Defendant does not know if the allegations of paragraph 4 are true.

5.      Defendant admits the allegations of paragraph 5.

6.      Defendant does not know if the allegations of paragraph 6 are true.

7.      Defendant admits the allegations of paragraph 7.

8.      Defendant does not answer the allegation of paragraph 8 as it appears to be a legal conclusion and not a factual allegation.

9.      Defendant does not know if the allegations of paragraph 9 are true.

10.     Defendant admits the allegations of paragraph 10.

11.     Defendant admits the allegations of paragraph 11.

12.     Defendant denies the allegations of paragraph 12.

13.      Defendant denies the allegations of paragraph 13.

14.     Defendant does not know if the allegations of paragraph 14 are true as to other Defendants.  She denies them as to herself.

15.     Defendant does not know if the allegations of paragraph 15 are true.

16.     Defendant does not know if the allegations of paragraph 16 are true.

17.     Defendant denies the allegations of paragraph 17.

18.     Defendant denies the allegations of paragraph 18.

19.     Defendant does not know if the allegations of paragraph 19 are true.

20.     Defendant does not know if the allegations of paragraph 20 are true.

21.     Defendant does not know if the allegations of paragraph 21 are true.

22.     Defendant admits there were established polices and procedures for the use of tasers and restraint devices but denies the balance of the paragraph is an adequate statement of the policies and procedures.

23.     Defendant admits the allegations of paragraph 23.

24.     Defendant does not know if the allegations of paragraph 24 are true.

60177394v1  884755  13302

25.    Defendant does not know if the allegations of paragraph 25 are true.

26.    Defendant does not know if the allegations of paragraph 26 are true.

27.    Defendant denies the allegations of paragraph 27.

63.    Defendant admits and denies some of the allegations.  A paragraph is supposed to be a concise statement of fact; this paragraph fails to meet this standard.

64.    Defendant does not answer the allegations of paragraph 64 as they are legal conclusions and not assertions of fact.

65.    Defendant denies the allegations of paragraph 65.

66.    Defendant denies the allegations of paragraph 66.

67.    Defendant denies the allegations of paragraph 67.

68.    Defendant denies the allegations of paragraph 68.

69.    Defendant does not know if the allegations of paragraph 69 are true.

70.    Defendant denies the allegations of paragraph 70.

71.    Defendant does not know if the allegations of paragraph 71 are true.

72.    Defendant denies the allegations of paragraph 72.

73.    Defendant denies the allegations of paragraph 73.

74.    Defendant denies the allegations of paragraph 74 with respect to her own conduct. He does not know if the allegations of paragraph 74 are true with respect to other Defendants.

75.    Defendant denies the allegations of paragraph 75 with respect to her own conduct. She does not know if the allegations of paragraph 75 are true with respect to other Defendants.

76.    Defendant denies the allegations of paragraph 76.

60177394v1 884755 13302

## **AFFIRMATIVE DEFENSE**

For her Affirmative Defense to the allegations of Count V, the Defendant, LEE ANN

BRAURER, R.N., states she is entitled to qualified immunity with respect to any act or omission

performed in the course of her duties relating to Plaintiff's decedent.

WHEREFORE, Defendant, LEE ANN BRAURER, R.N., prays for judgment in her favor

and an award of reasonable attorney's fees and costs against Plaintiff.

## **DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ D. Bradley Blodgett
Blodgett Attorney Bar No. 0231134
E-mail:  bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail:  aramage@hinshawlaw.com
J. William Roberts
E-mail:  broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendants NEIL
WILLIAMSON, AS SHERIFF OF
SANGAMON COUNTY; ANTHONY
SACCO, CHIEF DEPUTY; RON
BECKNER, ADMINISTRATOR OF
SANGAMON COUNTY JAIL; LT.
CANDACE CAIN; LT. TAMMY POWELL;
OFFICER TODD GUY; OFFICER KEVIN
FURLONG; OFFICER AMBER GREEN;
OFFICER KIRBY; LEE ANNE BRAURER,
R.N.

60177394v1 884755 13302

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 2, 2008, I caused to be electronically filed the foregoing Answer by Defendant, LEE ANN BRAURER, R.N., to Count V of Second Amended Complaint with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

| | |
|---|---|
| **Jon D Robinson** | Email: jrobinson@brelaw.com |
| **Sharon D Elvidge Kelley** | Email: shalaw@ameritech.net |

and I hereby certify that on September 2, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

**NONE**

/s/ D. Bradley Blodgett
D. Bradley Blodgett
Blodgett Attorney Bar No. 0231134
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendants NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.

60177394v1 884755 13302