UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by Mary L. Andreatta-Carlock, Executor,<br><br>Plaintiff,<br><br>v.<br><br>NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; TERRY DURR, JAIL SUPERINTENDENT; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.; SGT. GUY BOUVET; OFFICER WATKINS; OFFICER AARON CONARD; OFFICER STEVE BENINATO; NURSE WEST AND NURSE LUCY RAMSEY,<br><br>Defendants. | Case No.: 3:08-cv-03075<br><br>Judge: Jeanne E. Scott<br><br>Magistrate Judge:  Charles H. Evans |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY, TO ORDER A SEPARATE TRIAL UPON COUNT IV AND STAY OF DISCOVERY

NOW COMES the Defendant, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY, by and through his attorneys, Hinshaw & Culbertson LLP, and submits his Memorandum of Law in Support of his Motion for a Separate Trial for Count IV, pursuant to Rule 42(c) of the Federal Rules of Civil Procedure, and for a Stay of Discovery relating to that Count.

Defendant has moved for the Court to order a separate trial for Count IV, and for a stay of discovery relating to that Count.

### LEGAL STANDARDS

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

"(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the Court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

Pursuant to this rule, a district court is authorized to order separate trials of any claim or issue in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy . . . always preserving inviolate the right of trial by jury. A district court has considerable discretion in deciding whether to separate a claim pursuant to the rule. While separation of issues is not customary it is important that it be encouraged where experience has demonstrated its worth. *Ojeda-Beltran v. Lucio and City of Chicago*, 2008 WL 2782815 (N. D. Ill.)

Count IV is a Monell claim. A bifurcation of a Monell claim is appropriate because: (1) it will promote efficiency and economy both for the parties and for the Court (2) it will protect the Defendant Officers from potential undue prejudice at trial; and (3) it will not be prejudicial to Plaintiff. In order to establish Monell liability there must first be a finding of a constitutional violation by one of the officers. If the individual officers are not held liable the Sheriff cannot be held liable under a Monell claim. Therefore establishing an officers constitutional liability will either depose of, or prove, a necessary element of, Plaintiffs Monell claim. It follows it is most efficient to determine whether the Defendant officers violated Plaintiff's decedent's constitutional rights before requiring both the Court and the parties to expend resources litigating a claim which may never arise. *Ojeda-Beltran v. Lucio and City of Chicago*, 2008 WL 2782815 (N.D. Ill.)

Plaintiff has alleged in her Monell claim in Count IV paragraphs 53 through 56 a custom, pattern and practice of improper taser, restraint device and force use which are in violation of the Fourteenth Amendment to the United States Constitution. Although this case has not yet advanced to the discovery stage one can reasonably expect a barrage of discovery requests for

2

information unrelated to the Plaintiff's decedent during a time period extending back for many years, and involving incidents not involved otherwise in this suit. Substantially different evidence will be required to prove the liability of an officer, and the Monell liability of the Sheriff, and thus litigation of the Monell claim is likely to require a considerable investment of resources on the part of the parties and the Court outside of those required for the resolution of the claims against the Defendant Officers.

Moreover, there is also a real danger that evidence admissible on the issues relating to the Monell claim against the Sheriff in his official capacity will contaminate the mind of the finder of fact in its consideration of the liability of the other Defendants. Potentially admitting into evidence a litany of claims of alleged past misconduct will not provide a fair trial to the Defendant Officers. Furthermore, the bifurcation will in no way deny the Plaintiff her opportunity to pursue all her claims including the Monell claim, and does not prejudice her. *Ojeda-Beltran v. Lucia and City of Chicago*, 2008 AWL 2782815 (N.D. Ill.)

For these reasons, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY, respectfully submits his Motion for a Separate Trial on Count IV and to Stay Discovery as to that Count should be allowed.

3

Respectfully submitted,

/s/ D. Bradley Blodgett
Blodgett Attorney Bar No. 0231134
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendants NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.

4

## CERTIFICATE OF SERVICE

     I hereby certify that on September 2, 2008, I caused to be electronically filed the foregoing Memorandum of Law in Support of Motion by Defendant, Neil Williamson, as Sheriff of Sangamon County, to Order a Separate Trial upon Count IV and Stay of Discovery with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

**Jon D Robinson**                  Email: jrobinson@brelaw.com

**Sharon D Elvidge Kelley**       Email: shalaw@ameritech.net

and I hereby certify that on September 2, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

**NONE**

/s/ D. Bradley Blodgett
D. Bradley Blodgett
Blodgett Attorney Bar No. 0231134
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendants NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.

60177396v1 884755 13302