UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ESTATE OF AMON PAUL CARLOCK, JR., )
Deceased, by Mary L. Andreatta-Carlock, )
Executor, )
             ) Case No.: 3:08-cv-03075
    Plaintiff,     )
             ) Judge: Jeanne E. Scott
v.              )
             ) Magistrate Judge: Charles H. Evans
NEIL WILLIAMSON, AS SHERIFF OF )
SANGAMON COUNTY; ANTHONY SACCO, )
CHIEF DEPUTY; TERRY DURR, JAIL )
SUPERINTENDENT; RON BECKNER, )
ADMINISTRATOR OF SANGAMON )
COUNTY JAIL; LT. CANDACE CAIN; LT. )
TAMMY POWELL; OFFICER TODD GUY; )
OFFICER KEVIN FURLONG; OFFICER )
AMBER GREEN; OFFICER KIRBY; LEE )
ANNE BRAURER, R.N.; SGT. GUY )
BOUVET; OFFICER WATKINS; OFFICER )
AARON CONARD; OFFICER STEVE )
BENINATO; NURSE WEST AND NURSE )
LUCY RAMSEY, )
             )
    Defendants.     )

## MEMORANDUM OF LAW IN SUPPORT OF MOTIONS TO DISMISS COUNTS VI, VII AND VIII OF THE SECOND AMENDED COMPLAINT

### COUNT VI

NOW COME the Defendants, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY, and OFFICER KEVIN FURLONG, by and through their attorneys, Hinshaw & Culbertson LLP, and present their Memorandum of Law in Support of their Motions to Dismiss Count VI of the Second Amended Complaint pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to be filed to dismiss a claim for failure to state a claim upon which relief can be granted.

Count VI purports to be a State tort action based upon use of excessive force. Defendants can find no authority for the existence of such a tort pursuant to the law of the State of Illinois.

In the State of Illinois, civil torts involving unlawful offers of corporal injury and unauthorized touching of another involve pleadings alleging the elements of the torts of assault and battery. A body of law has been established as to the elements of these torts, the intent required for them, and the admission of evidence relating to the torts. Illinois Law and Practice, Volume 3, Assault, Battery and Bodily Harm, Sections 1 through 3. Since Count VI fails to plead a recognized tort in the State of Illinois, it, therefore, fails to state a claim for which relief can be granted.

In addition, since the action is based upon State law, the Sheriff is immune from any such action. Dismissal under Rule 12(b)(6) may be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as the absolute immunity of a defendant, claim preclusion, or the statute of limitations. Moore's Federal Practice Third Edition, Vol. 2, Section 12.34(4)(b).

The provisions of the Local Governmental Tort Immunity Act provide as follows, at 745 ILCS 10/2-204:

> "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person."

Count VI alleges that the Defendants who committed the acts were agents of the Sheriff. It does not allege the Sheriff participated in any of the acts or even was aware of them.

Because of the foregoing tort immunity provision, the Sheriff cannot be held responsible upon the pleadings in Count IV alleging agency or *respondeat superior* responsibility. *Payne for Hicks v. Churchich*, 161 Fd. 3d 1030, 1044 (7th Cir. 1998). [Note, despite the square holding of the *Payne* case that the Sheriff was entitled to the immunity provided by the section quoted above, some district courts do not apply the section to a Sheriff while other cases reason the Sheriff is both a public employee and a local public entity and entitled to the protection of the section. *Thomas v. Cook County Sheriff*, 401 F. Supp. 2d, 867, 875 (N.D. Ill. 2005); *Tatum v.*

*Davis*, 1996 WL 388405 (N.D. Ill.). Defendant submits the better view is that based upon Illinois law discussed in *Tatum* and the controlling authority in the *Payne* case. Additionally, the officers involved here are Correctional Officers, not Deputy Sheriffs, nor is it alleged they are Deputy Sheriffs, so that the Sheriff is not responsible for them pursuant to *Brown v. King*, 328 Ill.App.3d 717, 726 (1st Dist. 2001)].

WHEREFORE, for the foregoing reasons, Defendants, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY, and OFFICER KEVIN FURLONG, respectfully submit their Motion to Dismiss Count VI should be allowed.

## COUNT VII

NOW COME the Defendants, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; LT. TAMMY POWELL; OFFICER JOHN KIRBY and LEE ANN BRAURER, R.N., and present their Memorandum of Law in Support of their Motions to Dismiss the provisions of Count VII.

The pleadings against Neil Williamson, as Sheriff of Sangamon County, Anthony Sacco, Chief Deputy, and Ron Beckner, Administrator of Sangamon County Jail, plead a failure to follow rules and regulations of the Jail. No such tort exists in the State of Illinois. In addition, even if such a tort existed, the face of the Complaint establishes immunity for these Defendants.

The provisions of the Local Governmental Immunity Act provide as follows, at 745 ILCS 10/4-103:

> "Neither a local public entity or a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners."

3

Whatever the jail rules may be, the failure to follow them must fall within a failure of the provision of equipment, personnel, supervision or facilities therein. These Defendants are, therefore, entitled to immunity for the alleged actions pleaded against them in Count VII. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998); *Thomas v. Sheahan*, 499 F.Supp.2d 1062, 1099 (N.D. Ill. 2007).

All Defendants also enjoy immunity based upon the face of the Complaint. While a confusing variety of allegations pertaining to medical care are included in the Complaint, the gist of the Plaintiff's claim as to non-supervisory officers is that they failed to provide appropriate medical treatment for the decedent's condition of ill-being. See paragraph 86(B) of Count VII.

The Local Governmental Tort Immunity Act provides as follows, at 745 ILCS 10/4-105:

> "Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care. Nothing in this Section requires the periodic inspections of prisoners."

The only circumstances under which a defendant can be liable is if it is pleaded against a specific defendant that the defendant, acting within the scope of his employment, knew from his observation of conditions that the prisoner was in need of immediate medical care and, through willful and wanton conduct, failed to take reasonable action to summon medical care. No such pleadings exist against the Defendants in Count VII. The Complaint must contain enough facts to show it is plausible on its face which it fails to do when construed in light of the immunity provision. *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007).

In addition, Count VII runs afoul of the requirements of Rule 10(b) of the Federal Rules of Civil Procedure that if doing so would promote clarity, each claim founded on a separate transaction must be stated in a separate count. Plaintiff pleads about multiple periods of time in

4

some instances just saying prior to November 16, 2007, (paragraph 86) pleads events on other dates of October 9, (paragraph 88A) October 17 (paragraph 88B), and in most cases does not even provide a date for when an alleged event occurred. A confusing series of transactions is all lumped together in violation of Rule 10(b), and for that reason also, the Count should be dismissed.

WHEREFORE, for the foregoing reasons, Defendants, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; LT. TAMMY POWELL; OFFICER JOHN KIRBY and LEE ANN BRAURER, R.N., respectfully submit their Motion to Dismiss Count VII should be allowed.

## COUNT VIII

NOW COME the Defendants, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; and RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL, and move to dismiss Count VIII of the Second Amended Complaint pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Count VIII purports to be a cause of action against the Defendants for failure to exercise supervision and their collective failure to enforce the rules and regulations of the jail. Based upon the face of the Complaint, the Defendants are entitled to the dismissal of the Count.

The provisions of the Local Governmental Tort Immunity Act provide as follows, at 745 ILCS 10/4-103:

> "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided for failure to provide sufficient equipment, personnel supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners."

60177414v1 884755 13302

It is evident that this section of the Tort Immunity Act protects the Defendants from the failure to supervise claim which is the gist of the action in Count VIII. *Payne for Hicks v. Churchich*, 171 Fd.3d 1030, 1044 (7th Cir. 1998); *Thomas v. Sheahan*, 499 F.Supp.2d 1062, 1099 (N.D. 2007).

WHEREFORE, for the foregoing reasons, Defendants, NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; and RON BECKNER, ADMINISTRATOR OF THE SANGAMON COUNTY JAIL respectfully submit their Motion to Dismiss Count VIII should be allowed.

Respectfully submitted,

/s/ D. Bradley Blodgett
Blodgett Attorney Bar No. 0231134
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendants NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.

60177414v1 884755 13302

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, I caused to be electronically filed the foregoing Memorandum of Law in Support of Motions to Dismiss Counts VI, VII and VIII of the Second Amended Complaint with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

**Jon D Robinson**       Email: jrobinson@brelaw.com

**Sharon D Elvidge Kelley**       Email: shalaw@ameritech.net

and I hereby certify that on September 2, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

**NONE**

/s/ D. Bradley Blodgett
D. Bradley Blodgett
Blodgett Attorney Bar No. 0231134
E-mail: bblodgett@hinshawlaw.com
Andrew M. Ramage
E-mail: aramage@hinshawlaw.com
J. William Roberts
E-mail: broberts@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Attorneys for Defendants NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY; ANTHONY SACCO, CHIEF DEPUTY; RON BECKNER, ADMINISTRATOR OF SANGAMON COUNTY JAIL; LT. CANDACE CAIN; LT. TAMMY POWELL; OFFICER TODD GUY; OFFICER KEVIN FURLONG; OFFICER AMBER GREEN; OFFICER KIRBY; LEE ANNE BRAURER, R.N.

60177414v1 884755 13302