IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by Mary L. Andreatta-Carlock, Executor, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-3075 |
| NEIL WILLIAMSON, AS SHERIFF OF SANGAMON COUNTY, ILLINOIS, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff's Motion for Order Compelling Disclosure, for Protective Order, and for Sanctions (d/e 54) (Motion). For the reasons set forth below, the Motion is DENIED.

Plaintiff Mary L. Andreatta-Carlock (Executor), as Executor of the Estate of Amon Paul Carlock, Jr. (Estate), alleges that the Defendants violated Amon Paul Carlock, Jr's (Carlock) constitutional rights, and committed other torts against Carlock, while Carlock was detained in the

1

Sangamon County Jail, and that Carlock died as a result of those wrongful acts. Second Amended Complaint (With Added Parties) (d/e 35).

On June 27, 2008, attorney Monroe McWard sent the Estate's counsel a letter stating that he represented Defendant Amber Green. Motion, Exhibit B. Defense counsel received a letter from attorney McWard dated July 28, 2008, stating that McWard represented Defendant Green. Response of Defendants to Plaintiff's Motion for Order Compelling Disclosure, for Protective Order and for Sanctions (d/e 56) (Response), attached Affidavit of D. Bradley Blodgett (Blodgett Affidavit), Exhibit 1.

On August 9, 2008, Thomas Marsh, Jr., a nephew of the Executor and Carlock, retained attorney McWard to represent him in an unrelated matter. Marsh's estranged wife had claimed that Marsh had been involved in a sexual assault. Marsh was arrested on August 21, 2008.

On or about August 22, 2008, Defense counsel received a copy of a letter that attorney McWard sent to Defendant Green dated August 22, 2008. Response, Exhibit 3. The letter informed Defendant Green that attorney McWard no longer represented her as of August 22, 2008. Id. McWard never entered an appearance in this case.

On August 24, 2008, attorney McWard met with Marsh at the

2

Sangamon County Jail where Marsh was being detained in connection with the sexual assault allegation. Motion, Exhibit A, Affidavit of Thomas Marsh, Jr. (Marsh Affidavit), ¶ 7. Marsh states that a third man was at the meeting. Marsh states that Attorney McWard identified the man as an insurance investigator investigating "Uncle Paul's" case. Id., ¶ 8. The investigator was Gary Dodson. Dodson is an investigator retained by the Defendants in this case. Response, at 2. Marsh states that attorney McWard told Dodson that he did not have any problem with Marsh talking to Dodson. Marsh Affidavit, ¶ 9. Marsh states that he signed a document that McWard called a release. Id., ¶ 10. Marsh states that McWard then left the room during the interview. Marsh states that Dodson interviewed him regarding the Executor, Carlock, and their family relationships. Id., ¶¶ 11-12. Marsh is not a beneficiary of the Estate.

At the time of this interview, formal discovery had not begun in this case. Formal discovery has not yet begun in this case. Defense counsel was unaware of the August 24, 2008, interview and has never discussed this matter with attorney McWard. Response, attached Blodgett Affidavit, at 2.

The Estate asks for sanctions for this conduct and for a protective

3

order to preclude the Defendants from contacting family members of Carlock or the Executor. The Estate also wants the Defendants and McWard to turn over information and to bar the Defendants from using any information or material received during the interview with Marsh.

The Court finds that none of the conduct violates this Court's Rules or the Federal Rules of Civil Procedure. Even though formal discovery has not commenced, the parties can investigate their case by talking to third parties, such as Marsh. Parties can use investigators to perform these functions. Once discovery begins in this case, the Estate can seek any information that the Defendants gained in any such investigations. Issues of privilege and relevance can then be addressed through the normal discovery procedures.

The Court notes that if third parties do not wish to talk to the Defendants or their investigators, they are free to say no. If the Defendants or their investigators do not take no for an answer, but start to harass individuals, then the Executor can bring this matter to the Court's attention.

Any appearance of impropriety here relates to the alleged conduct of attorney McWard. It is unclear to the Court that attorney McWard

4

engaged in any improper conduct. Even if he did, however, he has not appeared in this case and his behavior is not before this Court. Furthermore, any possible impropriety would have involved a violation of a duty to Marsh, not the Estate or the Executor.

THEREFORE, Plaintiff's Motion for Order Compelling Disclosure, for Protective Order, and for Sanctions (d/e 54) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: November 21, 2008

    FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE