**E-FILED**
Friday, 21 November, 2008  05:33:15 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF AMON PAUL ) | |
| CARLOCK, JR., Deceased, by ) | |
| Mary L. Andreatta-Carlock, ) | |
| Executor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-3075 |
| ) | |
| NEIL WILLIAMSON, ) | |
| AS SHERIFF OF SANGAMON ) | |
| COUNTY, ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Sangamon County, Illinois, Sheriff Neil Williamson and Kevin Furlong's Motion to Dismiss Counts VI, VII, and VIII of the Second Amended Complaint (d/e 50), and the Defendants Aaron Conard, Terry Durr, Guy Bouvet, Officer Watkins, Steve Beninato, Nurse West, and Lucy Ramsey's Motion to Dismiss Count VI, VII, and VIII of the Second Amended Complaint (d/e 58).  Plaintiff Mary L. Andreatta-Carlock, as Executor of the Estate of Amon

Paul Carlock, Jr. (Estate), alleges that Sheriff Williamson and the other Defendants, all employees of the Sangamon County Sheriff's Department (Department), violated Amon Paul Carlock, Jr.'s (Carlock) constitutional rights, and that those violations caused Carlock's death in the Sangamon County Jail (Jail) on November 16, 2007.  <u>Second Amended Complaint (With Added Parties) (d/e 35) (Complaint)</u>, Counts I-Counts V.  The Complaint also alleges supplemental state law claims in Counts VI, VII, and VIII.  The Moving Defendants ask the Court to dismiss the state law claims against them.  For the reasons set forth below, the Motions are allowed in part.

<u>STATEMENT OF FACTS</u>

For purposes of the Motions, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the Estate.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7<u>th</u> Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7<u>th</u> Cir. 1996).  When read in that light, the Complaint must set forth a short and plain statement of the claim showing that the Estate is entitled to relief.  <u>Fed. R. Civ. P.</u> 8(a); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Airborne Beepers &</u>

Video, Inc. v. AT&T Mobility, LLC, 499 F.3d 663 (7th Cir. 2007).

The Complaint alleges that Carlock was detained at the Jail on pending federal charges from October 9, 2007, until his death November 16, 2007. The Complaint alleges that Carlock was a diabetic and that his health deteriorated during his detention. Count VI alleges that on November 16, 2007, Defendant Aaron Conard, a Department Officer, tasered Carlock while Carlock was handcuffed, shackled and unable to respond because of his poor physical condition and illness. The Complaint alleges that Defendant Furlong, another Department Officer, applied heavy pressure to Carlock's chest which restricted his breathing. Count VI alleges that, in committing these acts, Conard and Furlong willfully and wantonly used excessive force. The Complaint alleges that Carlock died as a result of these wrongful acts. The Estate brings Count VI against Sheriff Williamson, "as the official responsible for the Sangamon County Sheriff's Department and Jail." Complaint, ¶ 78.

Count VII alleges that prior to November 16, 2007, Defendants Anthony Sacco, Terry Durr, Ron Beckner, Candace Cain, Todd Guy, Furlong, Amber Green, Tammy Powell, Officer Kirby, Lee Anne Brauer, Guy Bouvet, Officer Watkins, Conard, Steven Beninato, Nurse West, and Lucy

Ramsey failed to provide Carlock with proper medical treatment.  Count VII alleges specifically that on November 16, 2007, Beckner, Conard, Furlong, Watkins, Kirby, Cain, Guy, Brauer, West, and Ramsey:

> failed to provide appropriate emergency medical services and assistance to Amon Paul Carlock, Jr. when they knew he was incapacitated and unresponsive as his feet were purple, he had no pedal or carotid pulses and his respiration had ceased on the morning of November 16, 2007, when they failed to use CPR or any other life-saving techniques in an attempt to save his life.

Complaint, ¶ 87.  Count VII also alleges that, at other times during his detention, Defendants Brauer, Ramsey, and West personally observed Carlock's condition and knew that he needed medical care for various reasons and failed to provide or obtain appropriate care.  Id., ¶ 88.  The Estate alleges that Carlock suffered injury and death as a result.  The Estate brings Count VII against Sheriff Williamson "in his official capacity as the entity responsible for the Sangamon County Sheriff's Department and the Sangamon County Jail."  Complaint, ¶ 85.

Count VIII alleges that Sheriff Williamson and Department Supervisors Sacco, Durr and Beckner (collectively the Supervising Defendants), failed to adequately supervise Department personnel.  Count VIII alleges that the Supervising Defendants failed to enforce Department

rules and regulations even though they knew that Department employees had previously violated those rules and regulations and thereby abused detainees, mistreated detainees, and denied detainees adequate medical care. The Estate alleges that the Supervising Defendants' failure to enforce rules and regulations constituted "willful, reckless and/or deliberate conduct." Complaint, ¶ 96. The Estate alleges that Carlock suffered injury and death as a foreseeable result of the Supervising Defendants' wrongful conduct. Id., ¶¶ 97-98. The Estate brings Count VIII against Sheriff Williamson and other supervisors "as the Sheriff's supervisory staff having ultimate authority over the Jail." Complaint, ¶ 95.

ANALYSIS

The Moving Defendants move to dismiss Counts VI, VII, and VIII. The Court will address each Count separately.

I.   COUNT VI

Count VI alleges a state law claim for wrongful use of excessive force. The Moving Defendants argue that Illinois does not recognize a tort of excessive force. They argue that the Estate would need to allege and prove the elements of the intentional torts of battery or assault. The Estate, however, cites several Illinois Court of Claims decisions that recognize a

5

claim in Illinois for excessive use of force.  E.g., Robinson v. State of Illinois, 47 Ill.Ct.Cl. 364, 1994 WL 907440, at *3 (Ill.Ct.Cl. 1994).  The Court therefore concludes that such a claim exists.  The Estate may proceed against Furlong and Conard on Count VI.

Sheriff Williamson argues, additionally, that he is immune from the Estate's Count VI claim because he cannot be held vicariously liable for the acts of another state employee.  The Court agrees.  The Estate alleges in Count VI that Sheriff Williamson was the official "responsible for the Sangamon County Sheriff's Department and Jail."  Complaint, ¶ 78.  The Estate does not allege that the claim is brought against Sheriff Williamson in his official capacity.  Thus, the Estate alleges that Sheriff Williamson is personally vicariously liable for the other officers' acts.  Sheriff Williamson is immune from personal vicarious liability. Section 2-204 of the Illinois Local Government Tort Immunity Act (Tort Immunity Act) provides:

> Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

745 ILCS 10/2-204.  This provision immunizes Sheriff Williamson personally from liability for the wrongful acts of his employees.  Payne for Hicks v. Churchich, 161 F.3d 1030, 1044 (7th Cir. 1998).  The claim

against Sheriff Williamson in Count VI is dismissed.

The Estate urges the Court to follow an Illinois Appellate Court decision that found no immunity.  Brown v. King, 328 Ill.App.3d 717, 727, 767 N.E.2d 357, 364 (Ill.App. 1st Dist. 2001).   The Brown decision concerned § 2-202 of the Tort Immunity Act, not § 2-204.  Brown, 767 N.E.2d at 364.[1]  Section 2-202 contains an exception for willful and wanton conduct.  745 ILCS 10/2-202.  Section 2-204 contains no such exception. Thus, the Brown decision does not apply.   The claim against Sheriff Williamson in Count VI is dismissed.

II.   COUNT VII

Count VII alleges that the Defendants failed to provide proper medical care for Carlock.   The Defendants argue that the Tort Immunity Act precludes liability.  The Court agrees that Moving Defendants Durr, Bouvet, and Beninato are immune, but not the other Moving Defendants.  Section 4-105 of the Tort Immunity Act states:

> Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to

---

[1]The Brown decision also discussed the scope of liability of a public entity under § 9-102 of the Tort Immunity Act.  Brown, 767 N.E.2d at 362; 745 ILCS 10/9-102. Section 9-102 does not apply because Count VI is a personal claim against Sheriff Williamson.

furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care.  Nothing in this Section requires the periodic inspections of prisoners.

745 ILCS 10/4-105.  Under this provision, the Defendants are immune from liability for failure to provide medical care unless the defendant: (1) observes the need for immediate care, and (2) willfully and wantonly fails to summon medical care.  The Estate does not allege that Durr, Bouvet, or Beninato personally observed Carlock in need of immediate care.  They are therefore immune.

The Estate, however, alleges sufficient facts to proceed against the other Moving Defendants.  When read in the light most favorable to Carlock, Count VII alleges that Defendants Furlong, Conard, Watkins, Ramsey, and West personally observed that Carlock needed care and willfully and wantonly failed to act.  If true, these alleged acts fit within § 4-105's exception to immunity.

Count VII also states a claim against Sheriff Williamson in his official capacity.  The Estate does not bring Count VII against Sheriff Williamson personally.  The official capacity claim in Count VII is effectively a claim

against the Department.  See Franklin v. Zaruba, 150 F.3d 682, 686 (7th

Cir. 1998).  If any of Defendants Beckner, Conard, Furlong, Watkins,

Kirby, Cain, Guy, Brauer, West, or Ramsey is liable for the claims in Count

VII, then the Department may be vicariously liable.  The Court, therefore,

will not dismiss the official capacity claim against Sheriff Williamson in

Count VII.

The Moving Defendants argue that they are also immune under § 4-

103 of the Tort Immunity Act.  Section 4-103 provides:

> Neither a local public entity nor a public employee is liable for
> failure to provide a jail, detention or correctional facility, or if
> such facility is provided, for failure to provide sufficient
> equipment, personnel, supervision or facilities therein.  Nothing
> in the Section requires the periodic inspection of prisoners.

745 ILCS 10/4-103.  The Moving Defendants argue that the failure to

provide medical care constitutes a failure to provide equipment, personnel

supervision and facilities.  The Court disagrees.  The Illinois General

Assembly did not intend the term "equipment" and "facilities" to cover the

provision of all medical care.  Otherwise, the General Assembly would not

have included a specific immunity provision for medical care in § 4-105.

More importantly, the General Assembly inserted the exception in § 4-105

because it intended that a public entity or a public employee should be

liable if the employee personally observes that a prisoner needs immediate care and fails to summon care. The Moving Defendants' interpretation of § 4-103 would render the exception a nullity and frustrate the General Assembly's intent. If the Estate can prove that a Defendant employee committed an act that fits the exception to immunity in § 4-105, then it is entitled to recover. Section 4-103 of the Tort Immunity Act does not apply to preclude liability under those circumstances.

The Moving Defendants also argue that Count VII violates Rule 10(b). Fed. R. Civ. P. 10(b). Rule 10(b) states that claims founded on separate transactions or occurrences must be stated in separate counts if doing so would promote clarity. In this case, the Estate alleges in Count VII various failures to provide care from October 9, 2007, to November 16, 2007. The Court does not believe that re-pleading each individual transaction in a separate count would promote clarity in this case. Count VII is sufficiently pled under Rule 10(b).

III.   COUNT VIII

Count VIII alleges that the Supervising Defendants willfully and wantonly failed to enforce the Department's rules and regulations to ensure that inmates, such as Carlock, would receive proper care. Defendants Durr

and Sheriff Williamson argue that they are immune under § 10/4-103, quoted above.  The Court agrees.  Section 4-103 provides immunity for claims that a public entity or employee failed to provide sufficient personnel supervision.  That immunity is absolute.  <u>Payne for Hicks</u>, 161 F.3d at 1044; <u>Jefferson v. Sheahan</u>, 279 Ill.App.3d 74, 76-80, 664 N.E.2d 212, 215-17 (Ill.App. 1st Dist. 1996).

The Estate argues that the Seventh Circuit in <u>Payne for Hicks</u> found that § 4-103 contained an exception to immunity for willful and wanton conduct.  The Court disagrees.  The Court of Appeals cited the <u>Jefferson</u> decision for the proposition that the immunity in that section is absolute.  <u>Payne for Hicks</u>, 161 F.3d at 1044.  The Court of Appeals in <u>Payne for Hicks</u> later stated that a willful and wanton exception existed for the exercise of discretionary powers: "Although the Illinois Tort Immunity Act and its case law make clear that a sheriff is immune from liability when he exercises the discretionary powers of his office, that liability (sic) does not extend to willful and wanton acts." <u>Id.</u>, at 1045 (footnote omitted).  The Court of Appeals did not apply this observation to the specific immunity set forth in § 4-103, and did not otherwise indicate that the decision in <u>Jefferson</u> was incorrect.

11

Moreover, in subsequent decisions, the Illinois Supreme Court has refused to recognize implicit exceptions for willful and wanton conduct under the Tort Immunity Act. Rather, the Illinois Supreme Court has consistently stated that the immunity granted by the Tort Immunity Act is absolute unless the General Assembly has expressly included an exception for willful and wanton conduct in the section at issue. E.g., DeSmet ex rel. Estate of Hays v. County of Rock Island, 219 Ill.2d 497, 477, 848 N.E.2d 1030, 1041 (Ill., 2006); Village of Bloomingdale v. CDG Enterprises, Inc., 196 Ill.2d 484, 491, 752 N.E.2d 1090, 1096 (Ill. 2001); Henrich v. Libertyville High School, 186 Ill.2d 381, 394, 712 N.E.2d 298, 305 (Ill. 1998). Section 4-103 does not contain an exception for willful and wanton conduct. The immunity is therefore absolute. Defendants Durr and Sheriff Williamson are immune from liability on the claims in Count VIII.

THEREFORE, Defendants Sangamon County, Illinois, Sheriff Neil Williamson and Kevin Furlong's Motion to Dismiss Counts VI, VII, and VIII of the Second Amended Complaint (d/e 50), and Defendants Aaron Conard, Terry Durr, Guy Bouvet, Officer Watkins, Steve Beninato, Nurse West, and Lucy Ramsey's Motion to Dismiss Count VI, VII, and VIII of the Second Amended Complaint (d/e 58) are ALLOWED in part. The claims

against Sheriff Williamson in Counts VI and VIII are dismissed, the claims against Defendant Durr in Counts VII and VIII are dismissed, and the claims against Defendants Bouvet and Beninato in Count VII are dismissed. The Motions are otherwise denied.

IT IS THEREFORE SO ORDERED.

ENTER:   November 21, 2008

            FOR THE COURT:


                              _____s/  Jeanne E. Scott_____
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE