IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Estate of AMON PAUL CARLOCK, JR., deceased, by Mary L. Andreatta-Carlock, Executor, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 08-3075 |
| NEIL WILLIAMSON, ) as Sheriff, et al.,, ) ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on: (1) Defendant Sangamon County Sheriff's Department, Sangamon County Jail, William Strayer, Anthony Sacco, Terry Durr and Sangamon County's Motion to Dismiss or Strike Plaintiff's Third Amended Complaint as Pleaded Against Them (d/e 110) (Motion 110); (2) Defendant Joseph Maurer, M.D.'s Motion to Dismiss Count VIII (d/e 128) (Motion 128); (3) Defendant Dr. Maher's Motion to Dismiss (d/e 118) (Motion 118); (4) Dr. Maher's Motion to Dismiss Crossclaim for Contribution [#112] (d/e 120) (Motion 120); and

1

(5) Dr. Maher's Motion to Dismiss Cross-Claim [#122] (d/e 130) (Motion 130). For the reasons set forth below, Motions 118 and 128 are ALLOWED, but Plaintiff Estate of Amon Paul Carlock, Jr. (Estate) is given leave to re-plead; Motion 110 is ALLOWED in part, and the Estate is given leave to re-plead; Motions 120 and 130 are ALLOWED in part, and the Court reserves ruling on the remainder of the motions, pending the filing of the Estate's amended pleadings.[1]

## BACKGROUND

The Estate alleged in the Third Amended Complaint that the decedent of the Estate, Amon Paul Carlock (Carlock), was a pretrial detainee housed at the Sangamon County, Illinois, jail from October 9, 2007, until his death on November 16, 2007. The Estate alleged that the Defendants were responsible for Carlock's death. The Estate alleged the following claims under 42 U.S.C. § 1983 and state law:

Count I alleged a § 1983 claim for use of excessive force by certain Defendants;

Count II alleged a § 1983 claim of deliberate indifference to Carlock's need for medical care;

---

[1]The Motion for Rehearing by Defendants (d/e 79) and Motion to File Answers Instanter (d/e 80) were rendered moot by the filing of the Third Amended Complaint with Added Parties and Jury Demand (d/e 98)(Third Amended Complaint).

2

Count III alleged a § 1983 claim for municipal liability against Sangamon County, Illinois, Sheriff Neil Williamson in his official capacity for use of excessive force;

Count IV alleged a § 1983 claim for municipal liability against Sheriff Williamson in his official capacity, for deliberate indifference to Carlock's need for medical care;

Count V alleged a state law claim for use of excessive force by certain Defendants;

Count VI alleged a state law claim for failure to provide medical care;

Count VII alleged a state law claim against certain Defendants under the Illinois Survival Act, 755 ILCS 5/27-6;

Count VIII alleged a third party beneficiary breach of contract claim against Defendant Joseph J. Maurer, M.D., for breach of his contract with Sangamon County; and

Count IX alleged a third party beneficiary breach of contract claim against Defendant Chauncey C. Maher III, M.D., for breach of his contract with Sangamon County.

Defendants Sangamon County Sheriff Neil Williamson, Ron Beckner, Candace Cain, Tammy Powell, Kevin Furlong, Lee Anne Brauer, Niecey West, Lucy Ramsey, and Todd Guy filed cross-claims against Drs. Maurer and Maher for contribution. <u>Cross-Claim by Defendants/Cross-Plaintiffs, Neil Williamson, as Sheriff of Sangamon County, Lt. Ron Beckner, Administrator of Sangamon County Jail, Lt. Candace Cain, Lt. Tammy Powell, Co Kevin Furlong, Nurse Lee Anne Brauer, R.N., Nurse Niecey</u>

West, L.P.N. and Nurse Lucy Ramsey, L.P.N. Against Defendants/Cross-Defendants, Joseph Maurer, M.D. and Chauncey C. Maher, III, M.D. Upon the Third Amended Complaint (d/e 112); Cross-Claim by Defendant Sgt. Todd Guy Against Defendants/Cross-Defendants, Joseph Maurer, M.D., and Chauncey C. Maher, III, M.D., Upon the Third Amended Complaint (d/e 122). The pending Motions challenge various aspects of the Third Amended Complaint and the Cross-claims. The Court addresses the Motions as follows.

MOTION 110

Defendants Sangamon County Sheriff's Department, Sangamon County Jail, William Strayer, Anthony Sacco, Terry Durr, and Sangamon County, Illinois, moved to strike or dismiss the claims against them due to certain defects in the pleadings, and specifically asked to dismiss all claims against the Sangamon County Sheriff's Department and the Sangamon County Jail because those entities cannot be sued separately; the correct Defendant is Sangamon County. The Estate conceded most of these defects, but requested leave to re-plead. The Estate will be given the opportunity to re-plead one more time. The Estate has also agreed to dismiss the Sangamon County Sheriff's Department and the Sangamon

4

County Jail as parties.

The only issue between the parties was the sufficiency of the allegations in Count VII against Defendants Sangamon County, Anthony Sacco and Terry Durr. The Estate alleged in Count VII a claim under the Illinois Survival Act (Survival Act) for injuries from willful and wanton misconduct. 755 ILCS 5/27-6. The Estate named seven Defendants in Count VII: Sangamon County, Sangamon County Sheriff's Department, Sangamon County Jail, Williamson as Sheriff of Sangamon County, Anthony Sacco, Terry Durr, and Ron Beckner. The Estate incorporated by reference the first 56 paragraphs of the Third Amended Complaint. Those paragraphs included allegations that Sangamon County employees subjected Carlock to humiliating, abusive, and life threatening treatment, including: (1) parading Carlock nude in front of female inmates; (2) laughing, ridiculing, and taunting Carlock because he suffered from incontinence; (3) subjecting him to taser shocks and pepper spray without justification; and (4) depriving him of proper medical care, medication, and food. Third Amended Complaint, ¶ 23. Sacco and Durr were in charge of the day-to-day supervision of the jail. Id., ¶ 21. The jail supervisors, such as Sacco and Durr, knew of the improper treatment of Carlock and accepted the

5

treatment as a custom and practice of the jail.  <u>Id.</u>, ¶ 24.

The Estate then alleged:

> As a direct and proximate result of one or more of the foregoing willful and wanton acts or omissions, the Decedent experienced severe weight loss and decline of his mental and physical health, incontinence, agitation, pain and suffering, punishment, verbal, physical and mental abuse and torture, disability and other injuries all prior to his death on November 16, 2009.

<u>Third Amended Complaint</u>, ¶ 101.  Defendants Sangamon County, Sacco and Durr argue that these allegations fail to state a claim against them because the allegations did not provide notice of the wrongful conduct that they allegedly committed.

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Third Amended Complaint and draw all inferences in the light most favorable to the Estate.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).  When read in that light, the Third Amended Complaint must set forth a short and plain statement of the claim showing that the Estate is entitled to relief.  <u>Fed. R. Civ. P.</u> 8(a); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); <u>Airborne Beepers & Video, Inc. v. AT & T Mobility LLC</u>, 499

6

F.3d 663 (7th Cir. 2007). In doing so, the allegations must plausibly suggest that the Estate is entitled to relief. Twombly, 127 S.Ct. at 1973 n.14. Allegations of bare legal conclusions or labels alone are not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

In this case, Count VII alleges sufficient facts to give notice of the basis for the Estate's claim against Sangamon County, Durr and Sacco. The incorporated paragraphs 21, 23, and 24 alleged that: (1) Sangamon County, through its employees, degraded and humiliated Carlock and threatened his health by depriving him of food and medicine; and (2) jail supervisors Sacco and Durr knew of the treatment and accepted the actions as the custom and practices of the jail. Third Amended Complaint, ¶¶ 21, 23, and 24. These allegations gave notice of an alleged willful or wanton act by Sangamon County through its employees, and specifically by Durr and Sacco. Count VII states a claim against these Defendants.

MOTIONS 118 and 128

The Estate alleged in Counts VIII and IX that Carlock was a third party beneficiary of the contract between Sangamon County and Defendant Doctors. The Estate alleged that the Defendant Doctors breached those agreements in various respects, including failing to provide proper medical

7

care to Carlock. <u>Third Amended Complaint</u>, ¶¶ 114, 126. The Defendant Doctors moved to dismiss Counts VIII and IX because the Estate failed to comply with the Illinois pleading requirements for medical malpractice cases. 735 ILCS 5/2-622. In addition, Dr. Maher moved to dismiss on the grounds that Carlock was not a third party beneficiary of the contract between him and Sangamon County.

The Estate has responded by filing copies of the contracts and other evidence. The Court generally will not consider matters outside the pleadings at the motion to dismiss stage. The Court will, however, consider the contracts because they are central to the allegations in Counts VIII and IX. <u>Fed. R. Civ. P.</u> 12(d); <u>188 LLC v. Trinity Industries, Inc.</u>, 300 F.3d 730, 735 (7th Cir. 2002). The other material will not be considered.

The interpretation of a contract is a matter of law for the Court. A person is a third party beneficiary of a contract in Illinois if the parties to the agreement intended to obligate themselves to confer a benefit on a third party. <u>XL Disposal Corp. v. John Sexton Contractors Co.</u>, 168 Ill.2d 355, 361, 659 N.E.2d 1312, 1316 (Ill. 1995). The Court has reviewed the contracts carefully and determined that the parties did not intend the Defendant Doctors to obligate themselves contractually to benefit Carlock

or other persons housed in the Sangamon County Jail. The parties intended that the administrative and educational services provided by Defendant Doctors under the contracts would benefit Sangamon County in its operation of the jail. The Defendant Doctors each owed a duty to Carlock because each allegedly provided medical care to Carlock, but those duties arose from the doctor/patient relationship rather than the contracts between the Defendant Doctors and Sangamon County. Carlock fails to state a claim for breach of contract.

The Estate, however, alleged facts in Counts VIII and IX that could constitute medical malpractice claims. The Estate alleged that the Defendant Doctors failed to provide proper medical care to Carlock. The Estate, however, must comply with Illinois pleading requirements for malpractice. 735 ILCS 5/2-622. The Estate is given leave to re-plead and comply with the Illinois statutory requirements.

MOTIONS 120 and 130

Finally, Dr. Maher's Motions to Dismiss cross-claims are allowed in part. Illinois allows claims of contribution between joint tortfeasors. 740 ILCS 100/2. Thus, a right to contribution may exist with respect to liability for the Estate's state law claims. The Estate, however, is amending its

claims, particularly Counts VIII and IX. The Cross-Plaintiffs ask for leave to amend their cross-claims after the Estate amends its claims. The Court allows this request, and will reserve ruling on the validity of cross-claims for contribution based on the Estate's state law claims. Dr. Maher may, if he wishes, renew his motion to dismiss any amended cross-claims after the amended pleadings have been filed.

The Court, however, allows Dr. Maher's request to dismiss the contribution claims based on liability under the Estate's § 1983 claims. Section 1983 does not expressly authorize contribution among joint tortfeasors. In such situations, the Court must determine whether Congress intended to include a right of contribution in § 1983 actions, or whether a right of contribution exists under federal common law. <u>Texas Industries, Inc. v. Radcliff Materials, Inc.</u>, 451 U.S. 630, 638 (1981); <u>Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO</u>, 451 U.S. 77, 90-91 (1981). The District Court for the Eastern District of New York recently analyzed these issues thoroughly and determined that no right of contribution exists for joint tortfeasors in civil rights cases brought under 42 U.S.C. §§ 1981, 1982, and 1985. <u>Mathis v. United Homes, LLC</u>, 607 F.Supp.2d 411 (E.D.N.Y. 2009). This Court agrees with the <u>Mathis</u> Court's

analysis and determines that the analysis applies to § 1983 actions as well. Thus, there is no right to contribution between joint tortfeasors in § 1983 cases. The <u>Mathis</u> Court noted that a majority of District Courts that have addressed the issue have also reached the same conclusion. <u>Mathis</u>, 607 F.Supp.2d at 427 n.17. The Cross-Plaintiffs' attempts to distinguish the <u>Mathis</u> case are unpersuasive. The cross-claims for contribution based on § 1983 liability are dismissed.

    THEREFORE, Defendants Sangamon County Sheriff's Department, Sangamon County Jail, William Strayer, Anthony Sacco, Terry Durr and Sangamon County's Motion to Dismiss or Strike Plaintiff's Third Amended Complaint as Pleaded Against Them (d/e 110) is ALLOWED in part with leave to re-plead; Defendant Joseph Maurer, M.D.'s Motion to Dismiss Count VIII (d/e 128) and Defendant Dr. Maher's Motion to Dismiss (d/e 118) are ALLOWED with leave to re-plead; and Dr. Maher's Motion to Dismiss Crossclaim for Contribution [#112] (d/e 120), and Motion to Dismiss Cross-Claim [#122] (d/e 130) are ALLOWED in part, and RESERVED, in part, with leave to re-plead. The claims for contribution based on liability under the Estate's § 1983 claims are dismissed. The Motion for Rehearing by Defendants (d/e 79) and Motion to File Answers

11

Instanter (d/e 80) are DENIED as moot.  Defendants Sangamon County Sheriff's Department and Sangamon County Jail are dismissed from this case.  The Estate is given leave to file a fourth amended complaint by July 15, 2009.  All Defendants are given leave to file amended or additional cross-claims by August 5, 2009.  Thereafter, no party will be allowed to amend pleadings absent a showing of good cause.

IT IS THEREFORE SO ORDERED.

ENTER:  June 12, 2009

    FOR THE COURT:

                s/ Jeanne E. Scott
                JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE