
IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., Deceased, by Mary L. Andreatta-Carlock, Executor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-3075 |
| NEIL WILLIAMSON, as Sheriff of Sangamon County, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on: (1) Defendant Sangamon County's Motion to Dismiss Count VII of Plaintiff's Fourth Amended Complaint (d/e 152) (Motion 152); (2) Defendant Chauncey C. Maher, III, M.D.'s Motion to Dismiss Counts X and XI of Plaintiff's Fourth Amended Complaint (d/e 139) (Motion 139); (3) Defendant Joseph Maurer, M.D.'s Motion to Dismiss Fourth Amended Complaint Count VIII and IX (d/e 143) (Motion 143); (4) Dr. Maher's Motion to Dismiss Cross Claim [#160] (d/e 166) (Motion 166); (5) Dr. Maher's Motion to Dismiss Cross Claim

1

[#163] (d/e 167) (Motion 167); (6) Dr. Maurer's Motion to Dismiss Cross Claim by County Defendants (d/e 168) (Motion 168); and (7) Dr. Maurer's Motion to Dismiss Cross Claim by Sgt. Todd Guy (d/e 169) (Motion 169). For the reasons set forth below: (1) Motion 152 is ALLOWED; (2) Motions 139 and 143 are DENIED; and (3) Motions 166, 167, 168, and 169 are ALLOWED in part and DENIED in part.

BACKGROUND

The Estate alleged in the Fourth Amended Complaint (d/e 138) that the Decedent of the Estate, Amon Paul Carlock (Carlock), was a pretrial detainee housed at the Sangamon County, Illinois, jail from October 9, 2007, until his death on November 16, 2007. The Estate alleged that the Defendants were responsible for Carlock's death. The Estate alleged the following claims under 42 U.S.C. § 1983 and state law:

Count I alleged a § 1983 claim for use of excessive force;

Count II alleged a § 1983 claim of deliberate indifference to Carlock's need for medical care;

Count III alleged a § 1983 claim for municipal liability against Sheriff Neil Williamson in his official capacity for use of excessive force;

Count IV alleged a § 1983 claim for municipal liability against Sheriff Williamson in his official capacity, for deliberate indifference to Carlock's need for medical care;

    Count V alleged a state law claim for use of excessive force;

    Count VI alleged a state law claim for failure to provide medical care;

    Count VII alleged a state law claim against Sangamon County and Sheriff Williamson in his official capacity, and certain other Defendants under the Illinois Survival Act, 755 ILCS 5/27-6 (Survival Act);

    Count VIII alleged a state law medical negligence and wrongful death claim against Defendant Dr. Maurer;

    Count IX alleged a Survival Act claim against Dr. Maurer;

    Count X alleged a state law medical negligence and wrongful death claim against Defendant Dr. Maher; and

    Count XI alleged a Survival Act claim against Dr. Maher.

Defendants Sangamon County, Sheriff Neil Williamson, Anthony Sacco, Terry Durr, William Strayer, Ron Beckner, Candace Cain, Tammy Powell, Kevin Furlong, Lee Anne Brauer, Niecy West, Lucy Ramsey, and Todd Guy filed cross-claims against Drs. Mauer and Maher for contribution. <u>Crossclaim by Defendants/Crossplaintiffs, Neil Williamson, as Sheriff of Sangamon County, Anthony Sacco, Chief Deputy, Terry Durr, Jail Superintendent, William Strayer, Assistant Jail Superintendent, Lt. Ron Beckner, Administrator of Sangamon County Jail, Lt. Candace Cain, Lt. Tammy Powell, CO Kevin Furlong, Nurse Lee Anne Brauer, R.N., Nurse Niecy West, L.P.N., Nurse Lucy Ramsey, L.P.N., and Sangamon County</u>

<u>Against Defendants/CrossDefendants, Joseph Maurer, M.D. and Chauncey C. Maher, III, M.D. Upon the Fourth Amended Complaint (d/e 160)</u>; <u>Cross Claim by Defendant/Cross Plaintiff Sgt. Todd Guy Against Defendants/Cross Defendants, Joseph Maurer, M.D., and Chauncey C. Maher, III, M.D., Upon the Fourth Amended Complaint (d/e 163) (collectively Cross Claims)</u>. The pending Motions challenge various aspects of the Fourth Amended Complaint and these Cross Claims. The Court addresses the Motions as follows.

 MOTION 152

 Sangamon County moves to dismiss the claim against it in Count VII. Count VII alleges a Survival Act claim against Sangamon County based on respondeat superior liability for the actions of Sheriff Williamson and various employees of the Sangamon County Sheriff's Department (Department). Sangamon County argues that it cannot be held liable under a theory of respondeat superior because Sheriff Williamson is an independent County officer. As such, neither he nor any of his officers who report to him, are employees of Sangamon County. Sangamon County is correct. In Illinois, the County Sheriff is an independent County officer, and a County cannot be liable for his actions under a theory of respondeat

superior. Moy v. County of Cook, 640 N.E.2d 926, 928-30 (Ill. 1994). The Department's officers are under the control of the Sheriff rather than the County, and thus, they also cannot be employees under the control of the County for purposes of respondeat superior liability. Sangamon County, therefore, cannot be liable under a theory of respondeat superior for the wrongful actions alleged in Count VII.

The Estate argues that this Court already held that an identical Count VII in the Third Amended Complaint (d/e 98) stated a claim against Sangamon County. Opinion entered June 12, 2009 (d/e 135) (Opinion 135), at 7. Opinion 135 was an interlocutory order that may be revised or amended at any time. Fed. R. Civ. P. 54(b). Thus, Opinion 135 does not preclude Sangamon County from raising a different argument to challenge Count VII of the Fourth Amended Complaint. Sangamon County has done so by citing the Illinois Supreme Court decision in Moy. This Court is obligated to follow the law of Illinois, as interpreted by the Illinois Supreme Court. Commonwealth Ins. Co. v. Stone Container Corp., 323 F.3d 507, 509 (7th Cir. 2003). Based on the Illinois Supreme Court's decision in Moy, Sangamon County is entitled to dismissal of the claims against it in Count VII.

The Estate also argues that Sangamon County is a necessary party because Sangamon County contracted with Defendant Drs. Maher and Maurer. As explained in Opinion 135, the Estate was not a party to those contracts or a beneficiary of those contracts. Thus, those contracts provide no basis for any claim that Sangamon County is necessary to the Estate's claims in Count VII.

Furthermore, the municipal entity that may be subject to liability is the Department. Sangamon County has correctly noted that the Department has been effectively sued because the Estate brought its claims against Sheriff Williamson in his official capacity as Sheriff, including the claims in Count VII. See <u>Defendant Sangamon County Sheriff's Department, Sangamon County Jail, William Strayer, Anthony Sacco, Terry Durr, and Sangamon County's Memorandum of Law in Support of Their Motion to Dismiss or Strike Plaintiff's Third Amended Complaint as Pleaded Against Them (d/e 111)</u>, at 3 (The Estate did not need to name the Department as a Defendant, "inasmuch as the Sheriff of Sangamon County is sued in his official capacity."). The Seventh Circuit has determined that the Department can be sued as a separate entity. <u>DeGenova v. Sheriff of</u>

DuPage County, 209 F.3d 973, 976 n. 2 (7th Cir. 2000).[1]  Therefore, the official capacity claim against Sheriff Williamson is effectively a claim against the Department.  Should the Estate prevail on this claim, the Department would be liable.  The claim against Sangamon County in Count VII, however, is dismissed.

MOTIONS 139 and 143

Drs. Maurer and Maher move to dismiss Counts VIII, IX, X, and XI (Medical Malpractice Counts) because the Estate failed to comply with the pleading requirements of Illinois law.  735 ILCS 5/2-622.  The Medical Malpractice Counts all are based on claims that Drs. Maurer or Maher were negligent in their care of Carlock while he was detained.  Section 2-622 of the Illinois Practice Code requires plaintiffs in medical malpractice cases to attach to malpractice complaints:

(1) an affidavit by the plaintiff's attorney stating that the attorney had consulted and reviewed the facts of the case with a qualified health professional and, that after the review and consultation, the qualified health professional had concluded that there was a

---

[1] Any prior statements by this Court to the contrary are not controlling in light of the Seventh Circuit's decision in DeGenova.

reasonable and meritorious cause for filing the action; and

(2) a copy of the report from the qualified health professional regarding each defendant.

735 ILCS 5/2-622. The Estate attached reports to the Fourth Amended Complaint, but did not attach the required attorney's affidavit.[2] Drs. Maher and Maurer both ask the Court to dismiss the Medical Malpractice claims because of this failure to comply with Illinois law. Dr. Maher also claims that the expert report is inadequate because Dr. Maher is a psychiatrist and the Estate's expert, James R. Hubler, M.D., is certified in emergency medicine rather than psychiatry.

The Estate has now submitted appropriate attorney affidavits and expert reports. <u>Plaintiff's Response and Memorandum in Opposition to Defendant's Motion to Dismiss Counts X and XI of Plaintiff's Fourth Amended Complaint (d/e 159)</u>, attached <u>Supplemental Attorney Affidavit for Claim Against Defendant Maher and Supplemental Report dated July 27, 2009 (Supplemental Report)</u>; <u>Plaintiff's Response and Memorandum in

---

[2]The Estate attached attorney Affidavits to the Fourth Amended Complaint. Those Affidavits, however, only complied with the separate requirement in Illinois to attach an affidavit regarding the amount of damages sought. <u>Ill. S. Ct. Rule</u> 222(b). The Affidavits attached to the Fourth Amended Complaint did not in any way comply with the requirements of § 2-622.

Opposition to Defendant Maurer's Motion to Dismiss (d/e 165), attached Supplemental Plaintiff Attorney's Affidavit to the Original Plaintiff Attorney's Affidavit filed July 13, 2009, and Supplemental Report. The Estate's counsel has finally filed the appropriate affidavits and reports. Assuming the allegations are true (which the Court must do at this stage), the Estate has meritorious claims against both Drs. Maher and Maurer. Since the error has been corrected, the Court will not deny the Estate's right to a remedy due to its counsel's initial failure to follow Illinois pleading requirements.

The Court also determines that the expert report of Dr. Hubler is sufficient for purposes of § 2-622. The Fourth Amended Complaint alleges that Dr. Maher negligently failed to diagnose and treat Carlock's diabetic condition that ultimately lead to Carlock's death. Fourth Amended Complaint, ¶¶ 130-35. Dr. Hubler opined that there was a reasonable and meritorious cause for filing an action against Dr. Maher. Supplemental Report, at 1. After careful review of the Supplemental Report, the Court concludes that Dr. Hubler is qualified under § 2-622 law to give an expert report in this case, and further, that his report is sufficient to meet the requirements of § 2-622. Dr. Maher's arguments to the contrary are not

persuasive. Motions 139 and 143 are, therefore, denied.

MOTIONS 166, 167, 168, and 169

Drs. Maher and Maurer move to dismiss the Cross Claims. The Cross Claims seek contribution from Drs. Maher and Maurer. The Court previously determined that contribution among tortfeasors is not available in § 1983 actions. Opinion 135 at 10-11. Motions 166, 167, 168, and 169, therefore are allowed in part to dismiss any claims for contribution in connections with the Estate's § 1983 claims.

Illinois, however, allows claims of contribution between joint tortfeasors. 740 ILCS 100/2. The Cross Claims, therefore, may proceed based on Drs. Maher and Maurer's potential liability on the Medical Malpractice Counts. Drs. Maher and Maurer sought to dismiss these portions of the Cross Claims based on the procedural deficiencies in the Medical Malpractice Counts. However, the Estate has now cured those deficiencies.

Defendants Sangamon County, Sheriff Neil Williamson, Anthony Sacco, Terry Durr, William Strayer, Ron Beckner, Candace Cain, Tammy Powell, Kevin Furlong, Lee Anne Brauer, Niecy West, Lucy Ramsey, and Todd Guy ask the Court to reconsider its decision that Congress did not

intend to authorize § 1983 defendants to bring contribution claims. The Court has carefully considered the additional arguments and authorities presented, but remains convinced the original decision in the June 12, 2009, Opinion was correct.

THEREFORE, Defendant Sangamon County's Motion to Dismiss Count VII of Plaintiff's Fourth Amended Complaint (d/e 152) is ALLOWED; Defendant Chauncey C. Maher, III, M.D.'s Motion to Dismiss Counts X and XI of Plaintiff's Fourth Amended Complaint (d/e 139) and Defendant Joseph Maurer, M.D.'s Motion to Dismiss Fourth Amended Complaint Count VIII and IX (d/e 143) are DENIED; and Dr. Maher's Motion to Dismiss Cross Claim [#160] (d/e 166), Dr. Maher's Motion to Dismiss Cross Claim [#163] (d/e 167), Dr. Maurer's Motion to Dismiss Cross Claim by County Defendants (d/e 168), and (7) Dr. Maurer's Motion to Dismiss Cross Claim by Sgt. Todd Guy (d/e 169) are ALLOWED in part and DENIED in part. Defendants Drs. Maurer and Maher are directed to answer the Complaint and the pending cross claims by September 25, 2009. IT IS THEREFORE SO ORDERED.

ENTER:   September 11, 2009

    FOR THE COURT:

                                                                                                            s/ Jeanne E. Scott
                                                        JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE