UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR., DECEASED, by Mary L. Andreatta-Carlock, Executor, ) ) ) ) Plaintiff, ) v. ) NEIL WILLIAMSON, ) as Sheriff of Sangamon County; et al., ) ) Defendants. ) | Case No. 08-3075 |

# ORDER

In July 2009, Plaintiff Estate of Amon Paul Carlock, Jr. filed a Fourth Amended Complaint and Jury Demand (#138) against Neil Williamson, as Sheriff of Sangamon County, and other defendants. The action is brought pursuant to 42 U.S.C. § 1983. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a violation of federal law.

In October 2010, Defendants filed a Motion to Strike Plaintiff's Third Supplement to Her Initial Disclosures Improperly Identifying Judge Cudmore as a Witness (#280). Plaintiff subsequently filed Plaintiff's Response to Defendants' Motion to Strike Plaintiff's Designation of Judge Cudmore as a Potential Witness (#289). After reviewing the parties' pleadings and memoranda, this Court orders that Defendants' motion **(#280)** be **DENIED.**

## I. Background

Plaintiff brings suit against Defendants under 42 U.S.C. § 1983, alleging that decedent Amon Paul Carlock, Jr. (hereinafter "Carlock") was subjected to excessive force and received inadequate medical treatment while incarcerated in Sangamon County Jail. The following summary of events is taken from Plaintiff's complaint.

Carlock was incarcerated for pre-trial detention hearing on October 9, 2007. Plaintiff

alleges that Carlock was an insulin dependent diabetic, and that physicians at the jail failed to provide insulin or monitor his blood sugar levels. On November 15, 2007, a doctor at the jail ordered a blood test for Carlock. The results of that test indicated that Carlock required medical attention. On November 16, 2007, arrangements were made to transport Carlock to the hospital. As correctional officers attempted to prepare Carlock to be transported, Carlock was not cooperative; Plaintiff alleges Carlock's failure to cooperate was related to his medical condition. To restrain Carlock, Sgt. Guy tasered him. Then, Corrections Officer Furlong applied force to Carlock's back, thus compressing his chest, while Carlock was face down on the ground. While Furlong held Carlock in this position, Carlock stopped breathing. By the time the previously scheduled ambulance arrived to transport Carlock to the hospital, Carlock had no pulse. He was pronounced dead several hours later.

## II. Discussion

In October 2010, Plaintiff disclosed Magistrate Judge Cudmore as a potential witness. Carlock appeared in court before Judge Cudmore in connection with criminal charges pending against him on four occasions, all while incarcerated at Sangamon County Jail. In disclosing Judge Cudmore as a potential witness, Plaintiff indicates that it intends to call Judge Cudmore to testify as to the following:

> [K]nowledge of Paul Carlock's condition on four separate appearance dates in No. 07-CR-03050m (October. 9, 2007, October, 12, 2007, October, 17, 2007, and November 14, 2007), and regarding Carlock's need for better medical care and/or treatment in Sangamon County Jail, as disclosed by the typed transcripts of the four hearings wherein Paul Carlock appeared before Judge Cudmore in 2007.

(#281-1, p. 2).

Defendants argue that calling Judge Cudmore as a witness would be improper because it would unfairly prejudice defendants and unavoidably overlap the jury's role in assessing the credibility of the witnesses who will be providing testimony regarding Mr. Carlock's medical condition and whether he was a danger to himself. Defendants cite *Schultz v. Thomas*, 832 F.2d 108 (7th Cir. 1987). Plaintiff responds that Judge Cudmore is perhaps the only objective, non-

party individual who observed Carlock while he was incarcerated, and as such Judge Cudmore has relevant personal knowledge. Plaintiff argues such testimony is admissible under FED. R. EVID. 602.

This Court notes that under FED. R. EVID. 601, every person is competent to be a witness except as otherwise provided by the federal rules of evidence. Though a judge presiding at trial may not testify in that trial as a witness, there is no rule indicating that a judge may not testify wherever he has had some previous connection to a case. Furthermore, the Court agrees with Plaintiff that the circumstances indicate that Judge Cudmore is likely to have personal knowledge of Plaintiff's apparent physical condition in the relevant time period. Therefore, this Court concludes that Judge Cudmore would be a competent witness if called to testify in this case.

The Court further notes that the precise nature of Judge Cudmore's potential testimony is yet to be seen. Any evidentiary rulings pertaining to the substance of his potential testimony, such as any challenges under FED. R. EVID. 403, would be premature at this stage.

### IV. Summary

For the reasons stated above, this Court orders that Defendants' Motion to Strike Plaintiff's Third Supplement to Her Initial Disclosures Improperly Identifying Judge Cudmore as a Witness **(#280)** be **DENIED**.

ENTER this 17th day of November, 2010.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE