**UNITED STATES  DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| ESTATE OF AMON PAUL CARLOCK, JR.,  ) | |
| DECEASED, by Mary L. Andreatta-Carlock,  ) | |
| Executor,  ) | |
| ) | |
| Plaintiff,  ) | |
| v.  ) | Case No.  08-3075 |
| ) | |
| NEIL WILLIAMSON,  ) | |
| as Sheriff of Sangamon County; et al.,  ) | |
| ) | |
| Defendants.  ) | |

# ORDER

In July 2009, Plaintiff Estate of Amon Paul Carlock, Jr. filed a Fourth Amended

Complaint and Jury Demand (#138) against Neil Williamson, as Sheriff of Sangamon County,

and other defendants.  The action is brought pursuant to 42 U.S.C. § 1983.  Federal jurisdiction

is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a

violation of federal law.

In October 2010, Defendants filed Emergency Motion by Defendants for Telephone

Conference and To Seal, or in the Alternative Strike, Plaintiff's Motion for Sanctions and

Memorandum of Law in Support of Motion fo Sanctions and All Exhibits Thereto (#274)

(hereinafter "Emergency Motion").  In response, GateHouse Media Illinois Holdings II, Inc.

filed Motion of GateHouse Media Illinois Holdings II, Inc. To Intervene (#285) (hereinafter

"Motion to Intervene").  GateHouse is the publisher of the State Journal-Register (hereinafter

"SJR").[1]  It seeks to intervene pursuant to FED. R. CIV. P. 24(b) for the limited purposes of

opposing the sealing of judicial documents and obtaining authorization from the Court to inspect

and copy motion papers and other judicial documents subsequently submitted by the parties in

---

[1]Though the Motion to Intervene is filed by GateHouse Media, it refers to itself as SJR in
its memoranda to the Court.  The Court will adopt the same short-hand label as the party has
chosen for itself.

this action. A group of defendants filed Defendants' Response in Opposition to GateHouse Media's Motion to Intervene (#304).

## I. Background

Plaintiff brings suit against Defendants under 42 U.S.C. § 1983, alleging that decedent Amon Paul Carlock, Jr. (hereinafter "Carlock") was subjected to excessive force and received inadequate medical treatment while incarcerated in Sangamon County Jail. The following summary of events is taken from Plaintiff's complaint.

Carlock was incarcerated for pre-trial detention hearing on October 9, 2007. Plaintiff alleges that Carlock was an insulin dependent diabetic, and that physicians at the jail failed to provide insulin or monitor his blood sugar levels. On November 15, 2007, a doctor at the jail ordered a blood test for Carlock. The results of that test indicated that Carlock required medical attention. On November 16, 2007, arrangements were made to transport Carlock to the hospital. As correctional officers attempted to prepare Carlock to be transported, Carlock was not cooperative; Plaintiff alleges Carlock's failure to cooperate was related to his medical condition. To restrain Carlock, Sgt. Guy tasered him. Then, Correction Officer Furlong applied force to Carlock's back, thus compressing his chest, while Carlock was face down on the ground. While Furlong held Carlock in this position, Carlock stopped breathing. By the time the previously scheduled ambulance arrived to transport Carlock to the hospital, Carlock had no pulse. He was pronounced dead several hours later.

In the course of discovery, Plaintiff came to believe that Defendants failed to preserve audio, video, and electronically stored evidence (ESI) connected to these events. Plaintiff filed Plaintiff's Motion for Sanctions for Spoilation of Evidence (#272) (hereinafter "Motion for Sanctions"). Plaintiff attached several exhibits that Defendants had produced in discovery. Defendants now assert that some of these attachments were inadvertently disclosed communications and information covered by attorney-client privilege or work product protection. In their Emergency Motion, Defendants sought immediate intervention by the Court to strike Plaintiff's entire motion, memorandum, and attachments, or in the alternative to seal

these documents. In response, on October 12, 2010, Magistrate Judge Cudmore issued a text order to temporarily seal certain attachments to Plaintiff's memorandum in support of its motion for sanctions. On October 25, 2010, Plaintiff filed additional documents under seal.

This Court now addresses SJR's motion to intervene for the limited purpose opposing the sealing of these judicial documents, and obtaining authorization from the Court for SJR to inspect and copy motion papers and other judicial documents subsequently submitted by the parties in the action.

## II. Standard

Under Rule 24(b), the court may permit anyone to intervene in ongoing litigation who has a claim or defense that shares with the main action a common question of law or fact. FED. R. CIV. P. 24(b)(1)(B). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. FED. R. CIV. P. 24(b)(3).

## III. Preliminary Issue

As a preliminary matter, the Court will specify what filings it relies on in resolving this matter. Defendants argue that attorneys for SJR attached improper affidavits and sent the court improper *ex parte* letters. Defendants ask the Court to strike these documents and disregard them. Defendants refer to SJR's Affidavit in Support of Public Access to Judicial Documents (#287) and the Affidavit/ Declaration of Thomas E. Dutton In Support of Public Access to Judicial Documents and attachments (#288). The Court notes that the affidavits are not necessary for resolving the present issue, which is simply whether or not to allow SJR to intervene. The underlying question of whether to seal certain documents filed with the Court is one left for another day. Therefore, the Court will not consider the affidavits in reaching its decision in response to SJR's Motion to Intervene.

Furthermore, SJR has filed a Motion for Leave to Reply (#313), and also filed as an exhibit the reply it would file with the Court's permission (#314). The Court has denied this motion, and so the Court will not consider these filings.

As such, in deciding this motion, the Court relies only on SJR's motion and memorandum in support (#285, #286), and Defendants' response (#304).

## IV. Discussion

In their briefs to this Court, SJR and Defendants disagree on two main issues. First, the parties disagree on whether SJR has standing to intervene in this matter. Second, the parties disagree on the propriety of SJR intervening here, where the documents that Defendants seek to seal are arguably subject to privilege protections. The Court will address each of these matters in turn.

*1. Standing*

SJR argues that the Seventh Circuit has recognized that permissive intervention under Rule 24(b) is the logical and appropriate vehicle by which the public and press may challenge a closure order. *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000). Defendants respond that there is no public right of access to the documents they seek to seal, and therefore SJR fails to meet Article III standing requirements and may not intervene. Defendants rely on *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009).

In *Bond*, the Seventh Circuit specifically noted that permissive intervention is a procedurally appropriate device for bringing a third-party challenge to a protective order, in the context of requests for access to sealed records in the court file. *Bond*, 585 F.3d at 1068. The Court stated that intervention for purposes of challenging a protective order triggers unique standing issues, but that the language of Rule 24(b) allowing intervenors to join when they raise a "claim" or "defense" that "shares with the main action a common question of law or fact" is broad enough to encompass third-party challenges to protective orders. *Id.* at 1070. With this

statement, the Court implied parties seeking to intervene in ongoing litigation to challenge a protective order would meet Article III standing requirements, if such requirements apply. *Id.* at 1071-71.

In the present case, Defendant has asked the Court to seal certain documents, and Plaintiff has subsequently filed additional related sealed documents. Under *Bond*, this Court finds that these simple facts alone determine the threshold issue of standing. The Court finds that SJR has standing to intervene under Rule 24(b).

2. *Undue Prejudice*

In determining whether to allow a party to intervene under Rule 24(b), the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). Here, Defendants essentially argue that they would be unduly prejudiced by SJR's intervention because the documents that SJR claims a right of access to would not have been filed but for Plaintiff's alleged discovery violation. Stated another way, SJR claims a right of public access to documents that have been filed with the Court, but Defendants assert that those documents should have never been filed in the first place because they are protected by attorney-client privilege.

The public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute judicial records. *Bond*, 585 F.3d at 1073. However, the public has no constitutional, statutory, or common law right of access to *unfiled* discovery. *Id.* (emphasis original). Furthermore, the public does not acquire a right to access discovery material just because a judge might review it *in camera* in the course of discovery proceedings. *Id.* at 1075, fn. 8. Also, where the public's right of access to court records exists, it is not unlimited. *Id.* at 1074. A court may choose to shield certain documents from the public when there is good cause to do so, such as when the property and privacy

interests of the litigants outweigh the public interest in a particular case. *Id.* (citing *Citizens First Nat'l Bank*, 178 F.3d 943, 945 (7th Cir. 1999)).

Here, Defendants have asserted that some of the documents at issue should have never been publicly filed. More specifically, Plaintiff filed a Motion for Sanctions. As evidentiary support for assertions in the motion, Plaintiff described an e-mail communication between Defendant Lt. Beckner and his counsel, and Plaintiff attached a "litigation hold spreadsheet" as an exhibit. Defendants claimed and continue to claim that these documents are protected by attorney-client privilege. Defendants assert that Plaintiff should have filed these documents under seal for an *in camera* review to determine privilege issues, and that filing them publicly constitutes a sanctionable discovery violation. FED. R. CIV. P. 26(b)(5)(B). These arguments are the basis of both Defendants' Emergency Motion and Defendants' opposition to SJR's Motion to Intervene.

Now, SJR seeks to intervene to oppose Defendant's Emergency Motion to strike or seal. Defendants argue that permitting SJR to intervene would compound the injury of Plaintiff's alleged Rule 26(b)(5)(B) discovery violation, as the public does not acquire a right to access discovery material just because a judge might review it *in camera* in the course of discovery proceedings, and an *in camera* review is what should have happened in this case. If Plaintiff had filed the documents under seal for *in camera* review, SJR would indisputably have no right of access to these documents.

The Court will respond to Defendants' argument by first addressing the underlying premise that Plaintiff violated Rule 26(b)(5)(B) by publicly disclosing the Lt. Beckner e-mail and filing the litigation hold spreadsheet. Rule 26(b)(5)(B) states:

If information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved . . . ; and may promptly present the information to the court under seal for determination of the claim . . . .

FED. R. CIV. P. 26(b)(5)(B).


Plaintiff and Defendants have fully briefed Defendants' Emergency Motion.  Those filings make it clear that Plaintiff notified Defendants that Plaintiff had obtained unspecified "e-mails" through electronic discovery that may be subject to privilege.  (#275-2, p. 3).  Defendants responded by indicating they did not waive any privilege claims.  (#275-2, p. 4).  Given Plaintiff's lack of detail in describing what information it had obtained, the Defendants' response broadly asserting privilege was reasonable for the purpose of protecting Defendants' rights under Rule 26(b)(5)(B).[2]  Under these circumstances, this Court agrees with Defendants that the Lt. Beckner e-mail and the litigation hold spreadsheet were subject to a claim of privilege.  As such, Plaintiff had a duty not to disclose the information publicly until the claim was resolved.  Furthermore, Plaintiff had the option of filing these documents with this Court under seal, but it did not have the right to file these documents publicly.  Therefore, the Court finds that Plaintiff violated Rule 26(b)(5)(B).


Now, having agreed with Defendants that Plaintiff violated Rule 26(b)(5)(B), the Court must consider whether allowing SJR to intervene now, for the purpose of arguing for public access to these documents and others, would constitute undue prejudice against Defendants.  The Court must consider whether intervention will unduly prejudice the Defendants' rights.  FED. R. CIV. P. 24(b)(3).  Here, Defendants had a procedural right to have documents subject to a

---

[2]The Court is not presently addressing any substantive issues of waiver under Federal Rule of Evidence 502.  The Court will address these issues in response to the parties' other motions.  For now, the Court is only concerned with the procedural rights presented in FED. R. CIV. P. 26(b)(5)(B).

claim of privilege reviewed by the Court *in camera* before Plaintiff publicly filed them. Furthermore, the Lt. Beckner e-mail and the litigation hold spreadsheet together constitute a significant component of the argument and evidence that Plaintiff provided for its Motion for Sanctions. As such, this Court believes that it would aggravate the injury to Defendants' rights to allow SJR to intervene to seek unsealing of documents that should not have been publicly filed in the first place. The Court concludes that such a situation constitutes undue prejudice to Defendants under Rule 24(b)(3), and therefore SJR's Motion to Intervene is denied.

Despite reaching this conclusion for this particular case, the Court notes the general importance of a right to public access of court proceedings. A right of public access can be most crucial in cases where the original parties are not motivated to fully litigate a particular issue, such as when parties provide the court with an agreed upon protective order. Here, the original parties are thoroughly litigating whether the documents at issue should be sealed, and they have extensively briefed the determinative attorney-client privilege issues. As such, the Court does not feel that denying SJR's Motion to Intervene is harmful to the public in this case.

## V. Summary

For the reasons stated above, the Motion of GateHouse Media Illinois Holdings II, Inc. to Intervene **(#285)** is **DENIED.**

ENTER this 26th day of January, 2011.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
