# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

ESTATE OF AMON PAUL CARLOCK,          )
JR., Deceased, by Mary L.             )
Andreatta-Carlock, Executor,          )
                                      )
    Plaintiff,                   )
                                      )
    v.                            )          No.  08-3075
                                      )
NEIL WILLIAMSON, AS SHERIFF OF        )
SANGAMON COUNTY; ANTHONY              )
SACCO, CHIEF DEPUTY; TERRY DURR,      )
JAIL SUPERINTENDENT; WILLIAM          )
STRAYER, ASSISTANT JAIL               )
SUPERINTENDENT; LT. RON BECKNER,)
 ADMINISTRATOR OF SANGAMON            )
COUNTY JAIL; LT. CANDACE CAIN;        )
LT. TAMMY POWELL; SGT. TODD GUY; )
CO KEVIN FURLONG; NURSE LEE           )
ANNE BRAUER, R.N.; NURSE NIECEY       )
WEST, L.P.N.; NURSE LUCY RAMSEY,      )
L.P.N.; JOSEPH MAURER, M.D.; and )
CHAUNCEY C. MAHER, III, M.D.,         )
                                      )
    Defendants.                  )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Plaintiff's Renewed Motion for

Sanctions and Motion for Appointment of a Special Master (d/e 401).

The Court held hearings on the Motion on March 23, 2012, April 2, 2012, April 4, 2012, July 23, 2012, and August 22, 2012.  The Court has also considered the briefs and exhibits submitted by the parties (see d/e 402, 424, 425-434, 436-438, 472, 473, 474, and 475) as well as the litigation hold letters (filed under seal at d/e 465).  For the reasons that follow, the Motion is DENIED.

## I.  ANALYSIS

In February 2011, Plaintiff filed the Refiled Motion for Sanctions for Spoliation of Evidence (d/e 336).  In that Motion, Plaintiff asserted: (1) Defendants lost, destroyed, or failed to recover audio, video, and electronically stored information (ESI) evidence; (2) Defendants failed to preserve video of Paul Carlock in the jail; and (3) Defendants destroyed, altered, and discarded ESI.  Plaintiff sought an adverse inference instruction, reasonable attorney fees incurred in connection with the motion for sanctions, and at least one-half of the search and recovery costs incurred by Plaintiff.

In response, Defendants asserted that they preserved and produced

all relevant discovery , including video from the only camera that recorded relevant images, and over 5,000 pages of documents. written reports.  On April 18, 2011, after a hearing, this Court denied Plaintiff's Refiled Motion for Sanctions (d/e 336) without prejudice and with leave to renew the motion if Plaintiff found additional evidence of bad faith spoliation or discovery abuse.

In February 2012, Plaintiff filed the Renewed Motion for Sanctions at issue herein asserting that Plaintiff "has discovered more proof that Defendants knowingly and deliberately (in bad faith) failed to preserve Carlock-related (relevant) evidence."  Mem., p. 6 (d/e 402).   According to Plaintiff, this new evidence includes the following: (1) relevant e-mails that were found, proving that several Defendants lied in affidavits claiming no relevant e-mails existed; (2) that Defendants are still withholding computers of key custodians who sent and/or received Carlock-related e-mails; (3) that Defendants preserved relevant ESI from another case because that ESI was helpful to them; and (4) e-mails have been generated from jail personnel regarding specific inmates, despite

Defendant Durr's affidavit to the contrary.  Mot., p. 2-3 (d/e 401).

"An employer's destruction of or inability to produce a document, standing alone, does not warrant an inference that the document, if produced, would have contained information adverse to the employer's case."  Park v. City of Chicago, 297 F.3d 606, 615 (7th Cir.2002). Before this Court will draw the inference that the missing documents contained information adverse to Plaintiff, Plaintiff must demonstrate that Defendants "intentionally destroyed the documents in bad faith." Norman-Nunnery v. Madison Area Technical College, 625 F.3d 422, 428-29 (7th Cir. 2010) ("The crucial element in a spoliation claim is not the fact that the documents were destroyed but that they were destroyed for the purpose of hiding adverse information").

Having reviewed the transcripts of the hearings and the submitted materials and briefs, the Court stands by its previous finding that no bad faith was shown regarding the audiotapes and videotapes.  With regard to the ESI, this Court has a few concerns.

Specifically, despite having notice to preserve in November 2007

(from Carlock's family) and January 2008 (from Carlock's family's

attorney), Defendants did not take steps to preserve ESI (as opposed to

videos) until March 2008, the date of the litigation hold meeting, at the

earliest.  See Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218

(S.D.N.Y. 2003) ("Once a party reasonably anticipates litigation, it must

suspend its routine document retention/destruction policy and put in

place a 'litigation hold' to ensure the preservation of relevant

documents").  However, the failure to take steps to preserve ESI affected

only the preservation of the e-mails, because the County's 180-day

deletion policy applied only to the County e-mail server.  The documents

on the jail server were not deleted.

Wayne Rovey, the Information Systems Director for Sangamon

County, testified that the first time he became aware of the litigation

hold was May 23, 2008 (which is more than 180 days after Carlock's

death).  At that time, he knew of the 180-day deletion policy and knew

the e-mails would be deleted.  When asked what action he took to

preserve the e-mails, Rovey testified that he made sure people were aware

of the e-mail archive features.  According to Rovey, he could not search the e-mail server for e-mail because only each individual could search his or her own e-mail.  Rovey thought each Defendant received the litigation hold letter.

The litigation hold letters submitted to this Court under seal demonstrate that Defendants Williams, Durr, Strayer, Beckner, Sacco, Powell, Cain, Guy, and Brauer received notice of the litigation hold by March 20, 2008.  Defendants Furlong, Ramsey, and West did not receive notice of the litigation hold until May 23, 2008, more than 180 days after Carlock's death and, therefore, after the 180-day deletion policy had deleted any e-mails on the server.

Regardless, the Court found the defense witnesses credible when they testified that e-mail was used for procedural issues, such as directing employees' attention to omissions in daily activity reports for the purposes of correcting a problem, and not to communicate about inmates.  <u>See</u> Beckner Testimony, pp. 8-10 (d/e 470) (testifying that daily activity reports were used to communicate about things happening

with inmates during a shift);  Durr Testimony, p. 45 (d/e 470); <u>see</u> <u>also</u> Strayer Testimony, pp. 70-71 (d/e 470) (testifying that major incidents in the jail are not handled by e-mail but in a "in a report form that's generated and saved").  Moreover, correctional officers did not have access to e-mail in the jail at that time.  <u>See</u> Beckner Testimony, pp. 9-10 (d/e 470); Strayer Testimony, pp. 69-70 (those with access to e-mail in the jail were people in administrative and speciality positions as well as shift supervisors) .  Further, the e-mails Plaintiff argues are Carlock-related do not actually relate to Carlock or incidents regarding Carlock in the jail but instead referenced procedural matters (cell checks, the fact that Powell could not print her report, Furlong's email regarding a personal matter that also stated "Carlock, I am dealing with").  <u>See</u> July 23, 2012 Hearing Exhibit CCC-1 (filed under seal).  The references to Carlock therein was merely incidental.  <u>See</u>, <u>e.g.</u>, Furlong Testimony (testifying that what he meant by "Carlock, I am dealing with" was to let Strayer know he would not be using the counseling or employee assistance program).  "Spoliation of evidence occurs when one party

destroys relevant evidence." Bryant v. Gardner, 587 F. Supp. 2d 951,

967 (N.D. Ill. 2008); see also Zubulake, 220 F.R.D. at 222 (where

spoliation is negligent or reckless but not wilful, the plaintiff seeking an

adverse inference instruction must demonstrate that the destroyed

evidence would have been favorable to her).  The Court does not find

that relevant evidence was destroyed.

Additionally, the Court doubts relevant e-mails existed.

Defendants submitted an e-mail transaction log showing the date,

sender/receiver, and subject line for e-mails sent by those individuals who

could send or receive e-mail in the jail, including Strayer, Guy, Cain,

Brauer, Powell, West, and Beckner. See E-Mail Transaction Log for

September 28, 2007 through January 28, 2008 (d/e 346, 364-1).  The

only e-mail subject lines that refer to Carlock were e-mails sent to or

received from Defendants' attorneys.  This is strong evidence that no

relevant e-mails were actually deleted.  See, e.g., YCB Intern., Inc. v. UCF

Trading Co., Ltd., 2012 WL 3069683, at 9 (N.D. Ill. 2012) (noting that

to be entitled to relief, the defendant had to "establish that discoverable

information has been lost"), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u>
2012 WL 3069526 (N.D. Ill. 2012).  Moreover, this Court finds that the
failure to suspend the 180-day deletion policy and the resultant deletion
of any e-mails from the relevant time period was mere negligence and not
bad faith, wilfulness, or fault rising to the level of flagrant disregard to the
duty to preserve.  <u>Jacobeit v. Rich Township High School Dist. 227</u>,
2011 WL 2039588, at *6 (N.D. Ill. 2011) (identifying the standard
under which sanctions are appropriate).

This Court is also concerned that certain hard drives (removed from
individual computers when the hard drive broke and needed to be
replaced) have never been searched.  However, the parties have expended
a large amount of time and money searching for any relevant, deleted
evidence and have found nothing.  Given this Court's doubt that any
relevant e-mails ever existed, the Court finds that there is nothing to be
gained by searching those hard drives.

## II.  CONCLUSION

The Court has given Plaintiff substantial leeway to conduct searches for relevant evidence.  At this point in the litigation, the Court finds little to be gained by appointing a special master.  Therefore, for all these reasons, Plaintiff's Renewed Motion for Sanctions and Motion for Appointment of a Special Master (d/e 401) is DENIED.

ENTERED: September 6, 2012

FOR THE COURT:

<u>        s/Sue E. Myerscough        </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE